## Blankenship's Administrator v. Ryerson.

*Insolvent Estate ; Contest of Claim filed by Creditor.*

*Agent's right to commissions.* — A land agent is not entitled to commissions, or compensation, " for procuring a purchaser of a plantation," when it is shown that the intended purchaser declined to complete the contract, without fault or negligence on the part of the principal, on account of a supposed defect of title.

APPEAL from the Probate Court of Madison.

In the matter of the insolvent estate of Willis Blankenship, deceased, against which a claim was filed by W. Ryerson, the appellee, in these words : " To commissions for finding purchaser for his plantation, stock, and furniture, two per cent. on the amount agreed on, which was eight thousand dollars, $240." The administrator objected to the allowance of this claim, " on the ground that no consideration for said claim passed from said Ryerson to said Blankenship." On the evidence adduced on the trial of the issue. joined between the parties, the court allowed the claim ; to which the administrator excepted, and which he now assigns as error.

DAVID D. SHELBY, for the appellant.

ROBINSON & WALKER, *contra.*

B. F. SAFFOLD, J. — The appellee filed a claim against the insolvent estate of Blankenship, of which the appellant was the administrator, for commissions in finding a purchaser of his plantation, stock, and furniture, under an agreement with the decedent. The issue being about the consideration, the court allowed the claim under the following testimony : McGee, a witness for the claimant, testified, that he was introduced to Blankenship by Ryerson, a land agent, for the purpose of looking at a plantation which Blankenship was offering for sale through the said agent ; that he agreed to purchase the plantation, with the stock and furniture, but, upon investigation, he found that Blankenship was unable to make title, and therefore he did not purchase ; that the price of the plantation was attached in his hands, but he never paid anything on account of the purchase. The appellant testified in behalf of the estate, that Ryerson did not sell the land, or stock and furniture ;

[Miller *v.* McWilliams.]

that Blankenship, at the time of his death, owned the land in fee, and he, as his administrator, was in possession of it, and was renting it ; and that the furniture and stock had been sold, since the death of Blankenship, as the property of his estate, by his administrator.

This testimony seems ·to prove, that Blankenship was offering the property for sale, through Ryerson, and that the latter procured McGee to offer a price for it, which the former agreed to take. But, before the agreement became obligatory on both, McGee refused to consummate it, on the ground of some real or supposed defect of the title. The testimony is stronger for the defence, than for the claimant, that McGee had not committed himself to a purchase, in case his objections to the title were not well founded. It is not shown that Blankenship was offering the property free from objections to his title. It does appear that his right to it has not yet been disturbed. Without some evidence that the entire performance of the agreement to purchase was prevented by some act or neglect of Blankenship, the agent's right to a commission is not proved. We think the evidence was insufficient to establish the claim.

The decree is reversed, and the cause remanded.