ARTEMUS CARTER

*v.*

LEWIS D. WEBSTER.

REAL ESTATE AGENT—*commissions on sale of real estate.* In a suit by a real estate agent to recover commissions on a sale of defendant's land, where the defendant had employed the plaintiff to sell or procure an offer for the land, and the plaintiff applied to another agent, and he to a third, and the third agent sent a customer to the defendant, who purchased the land, and it appeared that it was the local custom among real estate agents to assist each other in making sales, and to divide the commissions, a judgment was rendered in favor of the plaintiff: *Held,* that it was through the instrumentality of plaintiff, and those he interested in assisting him, that defendant was enabled to effect the sale, and the judgment should be affirmed.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Messrs. HUNTER & PAGE, and Mr. I. D. ADAIR, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought to recover commissions on an alleged sale of real estate. The theory of plaintiff's case is, that he was employed by defendant to sell for him a certain tract of land, or procure an offer for it. and that by his efforts with other real estate men, he did procure a party to make an offer, which was accepted by defendant. On the other hand, defendant maintains his agreement with plaintiff was that he should sell for him an entire quarter-section of land, at $350 per acre, and that plaintiff never effected a sale or procured any one that was ready and willing to pay that price for the land.

There is some conflict in the evidence, but we think enough appears to justify the finding of the jury. It was through the instrumentality of plaintiff, and those he interested in assisting him, that defendant was enabled to effect a sale of his property. A local custom seems to exist among real estate agents, that when a piece of property is placed in the hands of one agent, if he has no customer, to go among other real estate men to solicit buyers. When a sale is effected, it is usual to divide commissions.

While the owner is not at all bound by such a custom, it is wholly immaterial to him what number of persons his own agent may employ to assist him in finding a purchaser for his property, or what he pays them for their services in the premises.

The usual plan was adopted in this case. Plaintiff engaged Bruner to secure a purchaser for defendant's land, and, according to the custom that prevails, Bruner induced Gun, another real estate agent, to interest himself to find a buyer for the land. Gun did mention the fact this property was for sale to Mr. Mears, and through the information thus obtained Mr. Mears, sen., went directly to defendant and bought the property of him. The effect of what plaintiff did was to pre-

sent to defendant a person who made an offer for the property that he was willing to and did accept. This was all plaintiff undertook to do, according to his theory of the case, or all he had to do to earn his commissions, and we can not say the jury were not warranted in finding it was sustained by the evidence. The testimony was conflicting, and it was a proper case for a jury.

When considered together, the instructions stated the law applicable to the case with sufficient clearness and accuracy.

Upon the whole record, we are of opinion the judgment should be affirmed.

*Judgment affirmed.*