GILCHRIST & MARTIN *v.* CLARKE.

(*Jackson.* May 5th, 1888.)

REAL ESTATE BROKERS. *Commissions disallowed. Parol sales.*

A broker, who contracts to sell lands for compensation, is not entitled to commissions, where he effects a mere *parol* contract for sale of lands, which is repudiated by the purchaser without any fault of the vendor, before it is reduced to writing.

Case cited and approved: 101 Mass., 255.

Cited and distinguished: Parker *v.* Walker, *ante*, p. 566.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

MORGAN & McFARLAND for Gilchrist & Martin.

MILLER & GILLHAM for Clarke.

FOLKES, J. This is an action brought to recover commissions claimed to have been earned by the plaintiffs as brokers or real estate agents.

The record shows that the plaintiffs, as such brokers, approached the defendant, and offered their services to sell a certain lot owned by the

defendant. The defendant fixed the price at $2,100, and agreed to pay the usual commission of five per cent. to sell the same.

The brokers found a party who expressed a willingness to give $2,000, which, when communicated to the owner, the latter agreed to take, and authorized the plaintiffs to close the trade at the figures named.

The proposed purchaser was then furnished by the brokers with an abstract of title, and returned shortly thereafter stating that his lawyer had reported title doubtful as to ten feet of the lot, on account of an interlap occasioned by a deed held by the adjacent lot owner, which deed was subsequent to the defendant's deed.

The proposed purchaser heard no more about it, and, after awhile, went to Europe, giving the matter no further attention, and learned for the first time, when called as a witness in this case, that the lot had been since sold, but said that he was still willing to take the lot at the price offered, provided the assumed defect in title was cured.

It further appears that when the brokers communicated the action of the proposed buyer to the defendant, the latter said that his title was good; that it had been examined by his own attorney and pronounced good; that he had been in actual possession of the lot, including the ten feet in question under inclosure, for over twenty years, and covered by the calls in his deed; that his

attorney could explain and make clear the whole matter to the attorney of proposed buyer. The attorneys had an interview, from which nothing resulted, and, hearing nothing more about the matter for some considerable time, some other broker made sale of the lot to a less critical purchaser, and the defendant executed deed, and paid commissions to the broker actually effecting the sale.

Under these facts the Court, trying the case without a jury, gave judgment for the defendant, except as to actual cost of abstract of title, which had been procured by the plaintiffs, and which the defendant expressed, at the trial, a willingness to pay, so that judgment was given the plaintiffs for $32, the cost of abstract.

The plaintiffs have appealed, insisting that they are entitled to recover $100 as their commission on the offer of purchase communicated by them.

Their contention is that the sale has been defeated by a defective title in the seller, and they are therefore entitled to commissions as for a perfected sale.

If it were true that such title were defective, and such defect prevented sale, it would follow, as well-settled law, that the brokers should recover. But such a case is not made out in this record. Here there is no defect of title proven. On the contrary, the proof shows a sale defeated by a hypercritical objection to a good title made by the proposed purchaser. There has been no breach of

duty, nor of contract obligation, upon the part of the seller, who was ready, willing, and able to make a good title, and to complete the sale.

What was there left for the seller to do when he was apprised of the declination by the proposed purchaser to accept the title? He must either submit to the disappointment in his sale there and then, or go to the expense and trouble of filing a bill in equity against the sundry parties, or their heirs, who it was erroneously supposed had the "shade of a shadow" of title to ten feet of the lot, for the purpose of removing a so-called cloud upon his title, or he must incur equal trouble and expense in the effort to procure quit-claim deeds or releases from such parties for the ten feet in question, thereby inviting extortion or litigation, and casting suspicion upon his title, which, for over twenty years, had been unchallenged by any one.

If he were unwilling to do one or more of these things in an effort to put the title in such shape as would meet the fanciful views of the proposed purchaser, must he be made to pay commissions to the broker? If he prefers to avoid litigation, and to prevent a slander upon his title and to retain his property until he finds some purchaser not so "uncertain, coy, and hard to please," must he pay commissions to the broker who has failed to effectuate a sale?

Such is the insistence of counsel; and if the

brokers had been sufficiently enterprising to have reduced to writing the contract of sale before any question of title had been made by proposed purchaser, the contention would be sustained, under the authority of *Parker* v. *Walker*, decided at this term by a divided Court (but with which the writer of this opinion could not then nor now concur), and this case would then have to be reversed, and judgment given for the full amount of commissions as claimed, unless the defendant had availed himself of another avenue of escape (no less inviting than the alternatives above enumerated) furnished him by the writing, to wit: the filing of a bill for specific performance.

But, inasmuch as the brokers in this case neglected to have the contract of sale reduced to writing, and signed by the proposed buyer, the defendant cannot maintain a bill against him for specific performance, so as to compel him to accept the good title held by the proposed seller. The seller is, therefore, not required to go to any expense in the effort to remove clouds for a proposed purchaser, where the former would be powerless to compel a performance by the latter, after the removal of the difficulty, real or imaginary, by reason of the failure of the broker to secure for him a written contract of sale.

The plaintiffs having failed or neglected to bind the purchaser by a contract which the defendant could enforce under the statute of frauds, they

are not entitled to recover compensation as brokers for the parol contract of sale made by them, where the proposed purchaser refused to accept a good title, which the defendant was ready, willing, and able to make. See *Toombs* v. *Alexander*, 101 Mass., 255.

The fact that the Circuit Judge placed his judgment in favor of defendant upon other grounds is immaterial. He has reached a right conclusion, and the judgment will be affirmed with costs.