McConaughy v. Mahannah.

JAMES O. McCONAUGHY

v.

CORDELIA A. MAHANNAH.

*Real Estate—Broker—Sale by Owner—Broker's Commission—When Earned—When Due—Measure of Compensation.*

1.   Where land, in the hands of a broker for sale, is sold by the owner, such

broker or agent is entitled to his commission, if the sale was brought about through his efforts.

2. Such commission is due when a purchaser is found who buys the property, and the right thereto is not affected by any modification of the terms of payment, or modes of security, or ultimate compliance with the conditions of such sale made between the buyer and seller, different from the terms first given by the seller to the broker.

3. In such a case the compensation stipulated in the contract fixes the measure of compensation, without regard to whether it is adequate.

[Opinion filed December 8, 1888.]

IN ERROR to the County Court of Ogle County; the Hon. GEORGE P. JACOBS, Judge, presiding.

Mr. D. W. BAXTER, for plaintiff in error.

Mr. J. C. SEYSTER, for defendant in error.

There is a marked distinction between a sale and a contract to sell, a purchase and a contract to purchase. In the one case the title passes, in the other it does not. Jennings v. Gage et al., 13 Ill. 613; Schneider v. Westerman, 25 Ill. 424.

No cause of action had, or could have accrued to the plaintiff at the time of the commencement of this suit, as White had not purchased, and it could not be known then whether or not he would ultimately purchase, and no commissions would in any event be due plaintiff and no cause of action accrue to him until March, 1886.

A broker employed to sell real estate must produce a person who ultimately becomes purchaser before he is entitled to his commissions. Richards v. Jackson, 31 Md. 250; Stewart v. Murray, 92 Ind. 543; Walker v. Tirrell, 101 Mass. 257; Tombs v. Alexander, 101 Mass. 255.

Where a person introduced by a broker enters into an agreement to purchase, but he afterward fails to consummate it, the broker will not be entitled to his commission. Kimberly v. Henderson, 29 Md. 512.

Where a broker procures an offer to be made and advises against it, and subsequently his employer negotiates a sale at an advanced price to the same person, the broker is not en-

titled to his commissions on the sale.   White v. Twitchings, 26 Hun, 503.

. Where the broker opens negotiations but fails to bring the customer to terms, and the employer subsequently sells to the same person at the price fixed, he is not liable to the broker for his commissions.   Wylie v. Mar. Nat. Bank, 61 N. Y. 415; Chandler v. Sultan, 5 Daly, 112; Bennett v. Kidder, 5 Daly, 512; Dennis v. Charlick, 6 Hun, 21; Schwartze v. Yearly, 31 Md. 270; Vreeland v. Vetterlein, 33 N. J. Law, 247; Lane v. Albright, 49 Ind. 275.

There is no pretense here by the plaintiff that he did, or was able to sell this land for $35 per acre.   If he could recover in this case on any theory it must be on an implied contract to pay him a reasonable compensation for the services actually performed by him, and as there is no proof of the value of such services the court could not give him judgment.

Where the plaintiff has rendered services under special contract but not in the stipulated manner, but in a manner beneficial and acceptable to defendant, plaintiff can not recover on the contract, but may upon a *quantum meruit*.   2 Greenleaf on Evidence, Sec. 104; Addison on Contracts, 409;  Bannister v. Read, 1 Gil. 92; Webster v. Enfield, 5 Gil. 298; Eggleston v. Buck, 24 Ill. 262; Taylor v. Renn et al., 79 Ill. 181; Schiller et al. v. McEwen, 90 Ill. 77.

UPTON, J.   The plaintiff in error was a real estate broker residing at Rochelle, in Ogle County.   The defendant in error, residing in the same county, was possessed of a farm of about 241 acres, and desirous of selling the same.   In the month of July, 1885, she called upon plaintiff in error at his office and had an interview with him about selling her farm.

At this interview it was agreed between the parties that plaintiff in error should advertise the farm for sale in each of the two newspapers then published in the said town of Rochelle, he to pay for the advertisement in one newspaper, she in the other.   He was to have two per cent. commission on the sale, and was authorized to sell the farm at $35 per acre.   He drew up the notices for sale thereof, of which she

approved, and in which was stated the price per acre, and it was published in the two papers as mentioned. A few days after such publication Cary J. White called on plaintiff in error as agent of defendant in error, stating that he had seen the advertisement for the sale of the farm in the newspaper, and made an offer to purchase the same at $30 per acre.

Plaintiff in error immediately went to defendant in error in person, informed her of the offer he had received from White, upon which she immediately went to plaintiff's office and held a personal interview with White in the presence of plaintiff, speaking favorably of the offer made to White, but called plaintiff in error into his office, and directed him to go out and find one Peter Smith and make him an offer of the farm at the same price of $30 dollars per acre, but to try and get better terms of payment and more money down, than proposed by White. Plaintiff went as instructed, saw Smith, who desired to see his son-in-law and talk with him regarding the matter, of which he informed defendant in error, and she thereupon suspended further negotiations concerning the sale, for that day, with White.

In about two weeks after this interview, White went in person to the defendant in error and completed the purchase of the farm, agreeing to pay $32 per acre therefor; the farm being in possession of a tenant of defendant in error, with right to remain until March 1, 1886, allowing incoming tenant or purchaser to do fall plowing and ditching thereon. The purchaser, White, gave a secured note for a part of the purchase money, due March 1, 1886, went upon the farm, plowed about forty acres of land, and dug about 160 rods of ditch, in the fall of 1885, after he had purchased it. The abstract of the title not being, at the time of making the purchase, written up or completed, a contract evidencing the sale was drawn up and signed by the parties (vendor and vendee).

The sale of the farm to White being made as stated, the commissions under the contract as claimed by the plaintiff in error were $154.50. In October, 1885, defendant refusing to pay, suit was commenced by plaintiff in error against defendant in error, to recover said amount as commission, before a

justice of the peace in Ogle County, and he obtained a judgment for the sum of $153.60 and costs, from which judgment an appeal was taken to the County Court of Ogle County, a trial had therein, and a judgment rendered for the defendant in error for her costs, to reverse which the suit is in this court on writ of error, and the contention here is whether, under the facts on this record, the plaintiff in error is entitled to recover his commissions stipulated in said contract?

The general rules of law applicable to this class of cases as we understand it, briefly is: That if the land, while in the hands of the broker or agent for sale, is sold by the principal, still, if the purchaser is procured or obtained by the efforts of the agent or broker, such agent is entitled to his commission. Lawrence v. Atwood, 1 Ill. App. 222, and cases there cited; Caster v. Webster, 79 Ill. 435.

The commissions of a broker for the sale of real estate are due when he has found a purchaser who buys the property, and his right to such commissions is not affected by any modification of the terms of payment or modes of security, or ultimate compliance with the conditions of such sale made between the buyer and seller, different from the terms first given by the seller to the broker. Lawrence v. Atwood, 1 Ill. App., *supra;* Glentworth v. Luther, 21 Barb. 145, in which last cited case the court says:

" There can be no doubt as to the extent of the duties to be performed by one who, as broker, is employed to sell real estate. In the nature of things he can do nothing more than find a party who will be acceptable to the owner and *enter into a contract of purchase with him,* unless the owner makes him more than a broker merely, by giving him power of attorney to convey the property, and then the employe would cease to be the broker and become the attorney.

" The law fixes the time as of the date when the broker produces to his principal a party with whom the owner is satisfied, and who *contracts* for the purchase at a *price acceptable to the owner.*

" That the commission (agreed) *is due* to the broker *at that time,* is manifest from the fact that when this is done the

broker has exhausted his power to act. And having thus done all that is possible for him to do, he certainly has done all that he can be held to have contracted to do; the plaintiff had therefore earned his commissions as soon as the purchaser signed the contract." See also Kock v. Emmerling, 22 How. 69.

The same principle is announced in Hoyt v. Shepherd, 70 Ill. 309. In that case the agent sold the premises for less than he was authorized to sell for, and upon different terms, and it was held that he was not entitled to his commissions in *the absence of proof of a ratification* of the sale by the principal.

The amount of compensation which the plaintiff in error was entitled to receive, if any, was the amount stipulated in the contract—two per cent. on the amount of the sale; the law being, that where work is done under a special contract fixing the price, that must constitute the measure of compensation. Whether the price specially agreed upon was greater or less than the real value of the work done makes no difference; the contract alone controls whenever it can be made to apply. Brigham v. Hawley, 17 Ill. 38.

In the view we take of the case at bar, and for the reasons assigned, we think the plaintiff in error was entitled to recover the full amount of the two per cent. on the price for which the farm of the defendant in error was sold, and that his commissions were due when the contract of purchase and sale was executed by the said White and defendant in error, and that the County Court erred in not so holding, and for that reason the judgment of the said County Court is reversed and this cause is remanded.

*Reversed and remanded.*