## Samuel B. Foster v. Edwin Wynn.

1. BROKERS—*When Entitled to Commission.*—A real estate broker, before he is entitled to commissions, must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed. If the vendor accepts the purchaser and enters into a valid contract with him or cancels the contract and releases the purchaser, the commission is earned.

**Memorandum.**—Assumpsit for broker's commissions. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 13, 1894.

### STATEMENT OF THE CASE.

In December, 1889, appellant asked appellee, a real estate broker, to sell for him a lot on Ashland boulevard, in the city of Chicago. Appellee submitted the property to Henry W. Caldwell, who offered $225 a foot, and agreed to assume two boulevard assessments. Appellee then communicated the proposition to Foster, the appellant, who accepted it, whereupon a written contract in the usual form was signed by the parties, Caldwell and Foster, and delivered to appellee together with $250 earnest money, to be held in escrow. An abstract of title was also furnished by Foster and given by appellee to Mr. Caldwell's attorney to examine. Objections were raised to the title, and as a result of various consultations in reference to the defects, the contract was canceled and the deal declared off. Appellee was not present when the contract was canceled; never urged or consented to it, and took no part in the conversations regarding the title. The purchaser was ready and willing and able to perform his contract, and never refused to do so. Appellee claimed the commissions after negotiations were declared off, which Foster refused to pay. Suit was brought to recover the commission, jury waived, and the cause being submitted to the court, judgment was entered against Foster for $140.60. From that judgment Foster appeals to this court.

SAMUEL B. FOSTER, attorney for appellant.

PENCE & CARPENTER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action by an agent to recover commissions on a sale of real estate.

Appellee being employed by appellant sold the latter's property to one Caldwell. The contract was brought to, approved, and, it would seem, signed by him.

Caldwell afterward made objection to the title—objection said by appellant to have been frivolous. It is quite evident that Caldwell did wish to be released from his contract, and appellant, without consultation with appellee, released him. Caldwell was evidently able to perform his bargain, and, quite likely would have done so had not appellant released him.

If Caldwell had without release from, or fault of appellant, refused to complete the purchase, a different question as to the right to commissions would have been presented. Blankenship v. Ryerson, 50 Ala. 426; Gilchrist v. Clarke, 8 S. W. Rep. 572.

Caldwell could not, by his statement when he was released from his bargain, that "no commissions would be charged," bind appellee, who had nothing to do with and was not present when the release was given.

By the unconditional release of Caldwell the money he had deposited was released from any claim thereon appellant had before then had. Appellant at once ordered appellee to surrender the earnest money to Caldwell.

The disputed and disputable questions of fact must be, by this court, presumed to have been found in favor of appellee.

The jury have failed to find that appellee was guilty of any improper conduct, and they have found that he was authorized to and did make a sale of appellant's property to one able, willing and ready to buy; the judgment must therefore be affirmed. Carter v. Webster, 79 Ill. 435; McConaughy v. Mahannah, 28 Ill. App. 169; Adams v. Decker, 34 Ill. App. 17.