### David Lapsley v. R. L. Holridge.

1. BROKERS—*When Entitled to Commissions.*—A real estate broker is entitled to his commissions when he has furnished a purchaser with whom the principal enters into a valid contract, even though it be upon modified terms agreed upon between the principal and the vendee.

**Assumpsit,** for commissions. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

E. P. HARNEY and H. L. RICHARDSON, attorneys for appellant.

PADDOCK & COOPER, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee, being the owner of a large tract of land, agreed with the appellant that he would pay him $1,000 if he would procure a buyer at $26 per acre; this, the appellee admits, was the original contract, and if another existed, the burden was on him to prove it. Appellant entered into negotiations with one Rogers, took him to look at the land, after which Rogers offered to give $26 per acre for it, providing he could trade some Nebraska land, and pay the difference in money; this proposition was communicated to appellee, who was thereby induced to go and see the Nebraska land.

Upon his return, he told appellant if he made the trade by taking $26 for his, and allowing $7 for the Nebraska land, he would not pay appellant but $500, to which appellant responded : " If the trade goes, I will expect my $1,000 as you agreed." Appellee replied he would rather not make the trade, appellant still persisting for the $1,000. The parties then separated. Appellee soon after sold to Rogers his land, consisting of over 1,139 acres, for $29 per acre, taking in exchange, as part payment, over 960 acres of Nebraska lands at $10 per acre. This contract was consummated between appellee and Rogers without the intervention of appellant. Appellee afterward offered appellant $500 in full payment, which was refused. Later, on the assurance of appellee it would not bar the recovery of the balance, appellant accepted it in part payment. On the trial of the cause the foregoing facts appeared in substance, whereupon the jury gave their verdict for $1 in favor of appellant, and the court, having overruled his motion for a new trial, he prosecutes his appeal to this court, and assigns, among other things, for error, the verdict is manifestly against the evidence, and the court erred in overruling the motion for a new trial.

Complaint is made, by counsel for appellant, of some of the instructions by the court to the jury, but inasmuch as the record discloses no exceptions in that respect, we can not consider the questions so made.

In Wilson v. Mason, 158 Ill. 304, it was said : " If the principal accept the purchaser thus presented, either upon the terms previously proposed, or upon modified terms then agreed upon, and a verbal contract is entered into between them, the commission is earned."

In Hafner v. Herron, 165 Ill. 242, citing numerous authorities, it was said : " It is sufficient if the sale is effected through the efforts of the broker, or through information derived from him. It is also true that where the seller consummates a sale of property upon different terms than those proposed to his agent, the latter will not be thereby deprived of his right to his commission."

In Schuster v. Martin, 45 Ill. App. 481, it was said : " If, while negotiations entered into by a broker are pending, the owner attempts to discharge the broker, and then himself completes the negotiations, and disposes of his property on substantially the terms submitted to the broker, the broker can not thus be deprived of his commission." See also McConaughy v. Mahannah, 28 Ill. App. 169.

We can perceive no substantial difference between the case presented to us, and those from which we have quoted, and therefore, under the facts proved, are of the opinion the appellant was entitled to his commission in accordance with the contract. Consequently the verdict was against the evidence, and the court should have awarded a new trial. The judgment of the Circuit Court is reversed and the cause remanded.