## Jacob A. Henry v. Benjamin F. Stewart.

1. REAL ESTATE BROKER—*When Entitled to Commissions.*—If a purchaser is induced to apply to the owner through the instrumentality of the broker, or through means employed by the broker, or if the sale is effected through the efforts of the broker, or through information derived from him, or where the seller consummates a sale of property upon different terms than those proposed to his agent, the broker will be entitled to his commissions.

Assumpsit, for commissions. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

GEORGE S. HOUSE and EGBERT PHELPS, attorneys for appellant.

D. A. Holmes and E. Meers, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit in assumpsit brought by appellee to recover damages from appellant by way of commissions claimed by him as an agent or broker, for the sale of the Joliet Street Railway, formerly owned by appellant.

The declaration consisted of the ordinary consolidated common counts, with an affidavit of merits attached thereto, wherein the demand was stated to be " for services as agent and broker's commissions " on the sale of said railway system, its equipment and appurtenances, and that the amount due plaintiff after allowing all just credits, deductions and set-offs, was $13,000. There was a plea of the general issue and an affidavit of merits to the entire cause of action. Upon the trial the jury gave a verdict for plaintiff for $8,850, for which amount, a motion for a new trial having been overruled, judgment was entered by the court.

Appellee testified on the trial that appellant came to his office in 1893, and talked to him concerning the sale of the street railway; that appellant asked him at the time to find a customer for the railway, who had the ability to buy, and said if appellee would bring him such a customer, he would pay him a commission of five per cent on the sale; that appellant had made and forwarded to appellee an inventory of the railway property, and also an abstract of the books, showing receipts and disbursements of the same in detail back to 1891; that appellee prepared a prospectus and also made several trips to the East for the purpose of interviewing persons who had the ability to buy, but found no purchaser at that time; that he afterwards had conversations from time to time with appellant, and in 1896 the latter again urged him earnestly to sell the property, saying that he had heavy liabilities, was seventy-two years of age and desired to be released from the burdens and liabilities of business; that he, appellee, was connected with a manufacturing company as a salesman in the street railway department and had the privilege from his company of handling street rail-

way properties and receiving commissions in the negotiation of sales of them. The proof showed that in the last mentioned year, appellee, after some correspondence and conversation with him in regard to the property, induced one William B. McKinley to go with him to Joliet to see appellant as a prospective purchaser of said property. This meeting between McKinley and appellee was followed by others, six in all, at three of which appellee was present. McKinley secured an option on the property and went East to consult with a syndicate of moneyed men, who were engaged in furnishing money for such enterprises. Through the efforts of McKinley, as a result of his visit East, a contract in reference to the sale of said property was on June 4, 1896, entered into between appellant and one Henry P. Cox, of Portland, Maine, who was at the head of said syndicate.

After some further negotiations the contract was substantially consummated, the stock turned over to the syndicate, and on August 8, 1896, a deed for the property made to McKinley.

The principal point made and argued by appellant is that the verdict was not sustained by the evidence. Appellant, while admitting that he had talked with appellee of his desire to sell the road, denied that he had ever employed the latter to sell the stock or property of the railway company, or to pay him a commission for the same. Appellee, however, is corroborated in his statements concerning his alleged employment by other witnesses. McKinley testified that he first learned that the railway was for sale through appellee and that the latter went with him to Joliet and introduced him to appellant.

The witness Weeks, testified that he also had negotiations with appellant regarding the railway property and that during the same the latter told him that Stewart was selling the road to other parties; that he must hurry up, for if he didn't, Stewart would take the road; that he would take a lower price from witness because he would save the difference in commissions, as witness was to have no commission, but was dealing with purchasers themselves.

The witness Dwyer, testified that he officed with appellee at the time said negotiations were pending, and saw appellant in the office of appellee a number of times and heard the former tell the latter in the spring or summer of 1896, that " he wished the property would be sold soon." Appellant is not corroborated in his statements concerning the same matter, and the preponderance of the proof on that subject is largely in favor of appellee. It is argued, however, by counsel for appellant, that the sale was really made by McKinley to the syndicate and that therefore appellee is not entitled to commissions. But the sale was brought about by the fact that appellee brought McKinley and appellant together, and the deed to the property was made directly to McKinley. It was immaterial to appellant whether McKinley furnished the money himself for the purpose or obtained it from other people, or whether McKinley or some other party was to become the real owner of the stock and property.

The matter of most importance to appellant was to make a sale of the property and this he effected through the efforts of appellee. Nor was it material, if a fact, that others assisted in the negotiations after they were commenced, nor that the sale was made upon different terms than those originally contemplated.

In Hafner v. Herron, 165 Ill. 242, it is said:

" One broker may assist another in making a sale. (Carter v. Webster, 79 Ill. 435.) Nor is it always necessary that the purchaser should be actually introduced to the owner by the broker, provided it appears affirmatively, that the purchaser was induced to apply to the owner through the instrumentality of the broker, or through means employed by the broker. It is sufficient if the sale is effected through the efforts of the broker, or through information derived from him. It is also true, that where the seller consummates a sale of property upon different terms than those proposed to his agent, the latter will not be thereby deprived of his right to his commissions."

In this case it appears from a preponderance of the evidence that the property was placed in the hands of appellee for sale, and that it was disposed of through his

instrumentality.    He is therefore entitled to recover his fees for his services.

The objections urged to instructions by appellant were based upon the theory that appellee was not entitled to recover, because the sale in question was not made directly to McKinley but to other persons.    This, under the circumstances of the case, as we have above seen, was unimportant, and the court therefore committed no error in its rulings upon the instructions.    Appellant, when on the witness stand, was asked whether or not he paid anything of value to McKinley on account of making this sale to him as commission or otherwise, and answered:    "Well, I received $50,000 of stock; he called for $15,000 of that; sent his man over there to get it; I did not know what he wanted with that, I suppose commissions."    Counsel for appellee moved to strike out this answer and the motion was sustained.    It is urged that the court erred in excluding this answer.    The witness McKinley had testified on cross-examination in answer to a question by appellant's counsel, that he had not acted as broker for the sale of the property, and had not retained the $15,000 of the purchase money for commissions. If the object of the question asked by appellant, above referred to, was to contradict the statement of McKinley, the objection to the answer was properly sustained, because the statement was immaterial; and if the object was to show the payment of a commission to McKinley for making the sale, as a defense to appellee's claim, the answer was also properly excluded.

Even if it were true that appellee paid other persons than appellant a commission for making the sale, that fact, of itself, would be no defense to an action by appellee upon his contract for commissions.

In support of the motion for a new trial, appellant filed his own affidavit and that of one J. W. Folk, stating additional facts in their knowledge, which did not appear in evidence.    Both these parties were witnesses on the trial of the case, and there is no good reason stated why the evidence contained in the affidavits should not have been intro-

duced on the trial. · The evidence set forth in the affidavits was at best merely cumulative and in such case the application for a new trial based thereon, should be denied. Bemis v. Horner, 165 Ill. 347.

Appellant also filed an additional affidavit reciting what purported to be a letter to him from appellee, written after the sale had taken place. The letter tended to show that plaintiff expected a reasonable compensation, thus implying there had been no previous agreement for a fixed rate. As appellant had objected to permitting proof of reasonable compensation on the part of appellee, and the objection had been sustained by the court, the production of the letter afforded no reason for granting a new trial.

We are of opinion that the verdict of the jury was sustained by the evidence, and that there was no error committed by the court in the trial of the cause. The judgment of the court below will therefore be affirmed.