## Horace B. Dean et al. v. David B. Archer et al.

1. INSTRUCTIONS—*Real Estate Brokers' Commissions.*—An instruction which states that if the defendants employed the plaintiffs as their agents to negotiate the sale of the defendants' lands, and the plaintiffs undertook such employment, and were instrumental in bringing together the buyer and the defendants, then and in that case the plaintiffs are entitled, as a matter of law, to recover from defendants compensation for their services regardless of the fact that the defendants concluded the sale, is correct.

Assumpsit, for brokers' commissions. Appeal from the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

FARTHING & PEAVLER, attorneys for appellants.

WILLIAM T. PACE and G. GALE GILBERT, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit, in the Circuit Court of Jefferson County, by appellees against appellants, to recover commissions for services rendered as brokers or agents, in effecting a "trade" of real estate. Trial by jury. Verdict and judgment in favor of appellees for $250.

The case, as stated by counsel for appellants, is : "Appellees brought this action in assumpsit to recover a commission thought to be due them from a certain trade of real estate between appellants and one Thomas, of Chicago. Appellees introduced evidence tending to show an employment, and tending to show that their efforts finally brought

the parties together, and the parties themselves reached an agreement and traded. Appellants contended on the trial of the case that if appellees were ever employed that authority was revoked in good faith, and that afterward through other influences entirely, appellants were induced to again take up the matter, and finally reached an agreement."

All these questions of ·fact were resolved, by the jury, against appellants, and the evidence abundantly sustains the verdict.

Appellants complain of the action of the trial court in excluding certain proffered testimony. The rulings of the court as to the statements which the witness Horace B. Dean was proposing to make when the court interposed to stop him, were not excepted to, and therefore can not be considered here. Appellants produced as a witness, a Mr. Kirby Smith, by whom they offered to prove certain conversations and transactions between appellants and Thomas in the absence of any of appellees, and also to prove by said witness that he had performed services contributing to the consummation of the trade. The court sustained objections to this evidence. In this there was no error. The proffered testimony was not material to any proper issue in the case. This evidence was offered in pursuance of the same theory of the law on the part of appellants' counsel that moves them in this court to contend that the trial court erred in giving the first instruction on behalf of appellees. That instruction is as follows:

" 1.  The court instructs the jury that if you believe from the evidence in this case that the defendants employed the plaintiffs as their agents to negotiate the sale of the defendants' land, and the plaintiffs undertook said employment and were instrumental in bringing together the buyer and the defendants, then, and in that case the plaintiffs are entitled, as a matter of law, to recover from defendants compensation for their services, regardless of the fact that the defendants concluded the sale."

The instruction states the law correctly, as applicable to the facts of this case. The same instruction was given by

the trial court in Henry v. Stewart, 85 Ill. App. 170, and was approved by the Appellate Court. The case was appealed from the Appellate to the Supreme Court, where a direct attack upon this instruction was made by counsel. The court sets out the instruction in full in its opinion and holds it to be the law. Henry v. Stewart, 185 Ill. 448. This holding is supported. by Wilson v. Mason, 158 Ill. 304, Hafner v. Herron, 165 Ill. 242, and other cases in both the Appellate and Supreme Courts of this State. The exceptions to the action of the trial court as to the other instructions complained of are not in any instance well taken. We find no material error in this record. The judgment of the Circuit Court is affirmed.