Arthur L. Blunt, Appellee, v. James J. Kelly, Trustee of the Estate of Rosa A. Benson, Deceased, Appellant.

## Gen. No. 25,913.

1. VENDOR AND PURCHASER, § 116*—*which party must perform first under contract of sale.* Where a land contract imposes concurrent obligations, namely, the payment of purchase money on the purchaser and the delivery of a good and merchantable title on the vendor, neither party is obligated to do the first act or perform his part of the agreement before the other.

2. VENDOR AND PURCHASER, § 331*—*what must be shown in action for return of earnest money.* A purchaser under a land contract in order to sustain an action for the return of the earnest money need only to show that he is ready, willing and able to perform on his part if the vendor is ready to perform on his.

3. VENDOR AND PURCHASER, § 336*—*when ability of purchaser to perform is question for jury.* The question of the readiness and ability of a purchaser under a land contract to perform is for the jury, when there is a conflict in the evidence.

4. VENDOR AND PURCHASER, § 331*—*what is necessary to show ability of purchaser to perform.* Proof of an offer of actual cash or that the money is in the bank is not required to show the readi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ness and willingness of a purchaser under a land contract, to perform.

5. **Vendor and Purchaser,** § 331*—*when purchaser is not required to deposit purchase money as proof of ability ,to perform.* A purchaser under a land contract is not obliged to deposit the purchase money to await the outcome of the vendor's attempt to clear the title.

6. **Vendor and Purchaser,** § 331*—*what is effect of possession of third persons as to offer of performance ·by purchaser.* A purchaser under a land contract is under no obligation to pay or deposit the purchase price pending the uncertain outcome of negotiations looking to the ouster of persons in possession and the removal of any claims or equities they may have.

7. **Vendor and Purchaser,** § 329*—*when vendor cannot enforce performance by purchaser.* The vendor under a land contract cannot force a purchaser to pay his money and receive a defective title.

·8. **Vendor and Purchaser,** § 331*—*when tender of performance by purchaser is unnecessary.* The purchaser under a land contract is not required to make an actual tender of any balance due where the evidence fails to show that the vendor could give a good title.

9. **Appeal and Error,** § 1530*—*when giving of instruction is harmless error.* In an action to recover earnest money on a contract for the purchase of real estate, the giving of an instruction, construed as submitting to the jury the question of title of the vendor and the effect of a guaranty policy, was harmless error, there being no dispute as to such points.

10. **Appeal and Error,** § 1422*—*when error is harmless because of right result.* Erroneous instructions and rulings upon evidence are not sufficient to set aside a judgment based upon the only verdict which the jury would have been warranted in returning under the evidence.

Appeal from the County Court of Cook county; the Hon. J. H. Ragsdale, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 11, 1920.

James F. Burns, for appellant; Kelly, Burns, Daly & Fitzgerald, of counsel.

William A. Morrow, for appellee; Walter M. Fowler, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, bringing suit to recover $1,000 theretofore paid to defendant as earnest money on a contract for the purchase of real estate in Chicago, upon trial had a verdict and judgment for that amount.

The contract was dated July 10, 1917, and the earnest money was to be applied on the purchase price of $30,000 when the sale was consummated. The contract provided that the plaintiff should pay $7,000 on or before 90 days from date and another $7,000 on or before 6 months thereafter, "provided a good and sufficient general warranty deed conveying to said purchaser a good and merchantable title to said premises, subject as aforesaid, shall then be ready for delivery." Plaintiff was to give his note for the balance of the purchase price, $15,000, due on or before 3 years from date, interest 6 per cent, secured by a mortgage or trust deed on said premises. It also provided that a certificate of title issued by the registrar of Cook county, or a complete merchantable abstract of title brought down to date, or a merchantable guaranty title should be furnished by the vendor within a reasonable time. If an abstract was furnished, plaintiff was to have 10 days after receiving the same to deliver to defendant a memorandum of objections, if any, to the title, and if any material defects were found in the title and so noted and not cured within 60 days after such notice, the contract should, at the purchaser's option, become void and the earnest money should be returned.

The premises contracted for were apparently designed for hospital purposes, and upon the execution of the contract plaintiff took possession and remained in possession for 2 weeks or less. No move seems to have been made by either party towards carrying out the provisions of the contract until April 25, 1918, when plaintiff served upon defendant a written demand that defendant furnish plaintiff a certificate of

title issued by the registrar of titles of Cook county, or an abstract of title, or a guaranty policy, in accordance with the provisions of the contract. Defendant thereupon stated that the abstract was in Philadelphia and it would take some time to get it, and if plaintiff was satisfied, defendant would furnish a title guaranty policy. This was agreed to and such a policy was ordered from the Chicago Title & Trust Company. On May 3 the Trust Company, following defendant's instructions, delivered to the attorney for plaintiff its opinion upon the title, giving thirteen objections, among which were the lien of a trust deed to secure notes aggregating $21,000, claims against the estate of Rosa A. Benson, deceased, unpaid legacies in this estate amounting to $35,000, proceedings to enforce a mechanic's lien for $747.53, and the rights or claims of parties in possession. Plaintiff's attorney communicated with defendant, calling attention to these objections, saying that plaintiff was ready, able and willing to consummate the deal by paying the sum provided by the contract to be paid whenever these objections were removed and defendant ready to deliver the deed and guaranty policy. Correspondence passed between the parties but no progress was made towards closing the matter. Defendant's position was that he was entitled first to receive the $14,000 purchase money from plaintiff and with this clear up the balance due on the prior mortgage and all other liens.

The contract imposed concurrent obligations on both parties who should act simultaneously in its performance. Neither party was obligated to do the first act or perform his part of the agreement before the other. *Clark v. Weis*, 87 Ill. 438; *Manistee Lumber Co. v. Union Nat. Bank of Chicago*, 143 Ill. 490; *Scott v. Beach*, 172 Ill. 273; *Osgood v. Skinner*, 211 Ill. 229; *Summers v. Hedenberg*, 198 Ill. App. 460.

Plaintiff, to sustain this action for the return of the earnest money, need only to show that he was ready,

willing and able to perform on his part if the defendant was ready to perform on his. (Same cases.) To show this, plaintiff produced evidence that he had made arrangements for a loan of $14,000 to complete his payment as soon as the title was cleared. Defendant was informed as to the source of this money. Upon the trial and in argument defendant attempts to weaken this evidence; however, its sufficiency to show the readiness and ability of plaintiff was properly a question for the jury, and there is no good reason to disagree with its favorable conclusion for the plaintiff in this respect. *Carter v. Webster,* 79 Ill. 435; *Foster v. Wynn,* 51 Ill. App. 401.

Citations upon the requirements of a tender of an amount due are not in point. Proof of an offer of the actual cash or that the money is in the bank is not required in cases like this. The rule is as stated in *Clark v. Weis,* 87 Ill. 438, quoting with approval from the opinion in *Smith v. Lewis,* 26 Conn. 110:

"Some misapprehension or confusion appears to have arisen from the mode of expression used in the books in treating of the necessity of a tender or offer by the parties, as applicable to the case of mutual and concurrent promises. The word 'tender' as used in such a connection, does not mean the same kind of offer as when it is used in reference to the payment or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it, and nothing further remains to be done, and the transaction is completed and ended; but it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of, and indeed imply, an offer or tender in the sense in which those terms are used in reference to the kind of agree-

ments we are now considering. It is not an absolute, unconditional offer to do or transfer anything at all events, but it is, in its nature, conditional only, and dependent on, and to be performed only in case of, the readiness of the other party to perform his part of the agreement.''

Plaintiff having presented evidence sufficient to maintain his action, did defendant sufficiently prove his readiness and ability to perform his part of the contract? The jury concluded that he did not and we cannot say this conclusion was not justified by the evidence. Defendant claims that if he had been paid $14,000 by plaintiff, he would have been able with this to pay off the balance due on the mortgage, $10,000, the mechanic's lien claim amounting to $750, and the claims allowed against the estate of Rosa Benson and unpaid legacies; that the Chicago Title & Trust Company agreed if the purchase money and the notes securing the deferred payments were deposited with it, it would issue a policy guaranteeing defendant's title except as to the claims of parties in possession, mechanics' liens not of record and special assessments and general taxes. The mortgage referred to was held by the Provident Life Insurance Company of Philadelphia, and it is quite evident that what defendant had in mind was an escrow agreement whereby plaintiff was to deposit $14,000 and defendant would open negotiations with the holder of the mortgage for its cancellation. While plaintiff might have consented to such a conditional escrow agreement, he was not obliged under his contract to deposit the cash to await the outcome of defendant's attempts to clear the title.

In addition to the prior incumbrance and claims there was another objection concerning which there is an entire absence of evidence as to defendant's ability to remove, namely, the rights of parties in possession. It was proven that on or about August 7, which was before the first instalment on plaintiff's contract fell

due, defendant sold, or had entered into a contract to sell, the premises to another party, receiving $500 as earnest money, and had put this party in possession, who expended some $5,000 in improving the building on the premises. There was no assurance given plaintiff as to what would be done with this party in possession except the vague and general statement by defendant that when the time came that would be attended to. Plaintiff was certainly not obliged to put up his money to await the uncertain outcome of negotiations, possibly involving litigation, looking to the ouster of the parties in possession and the removal of any claims or equities they might have. Under these conditions the jury properly could find that the evidence failed to show readiness and ability on the part of defendant to perform his contractual obligations.

It has been held in many cases that a vendor cannot force a purchaser to pay his money and receive a defective title. *Lancaster v. Roberts,* 144 Ill. 214; *Eggers v. Busch,* 154 Ill. 604; *Harding v. Olson,* 177 Ill. 298; *Mead v. Altgeld,* 136 Ill. 298. Where the evidence fails to show that the vendor could give a good title, the purchaser will not be required to make an actual tender of any balance due on the contract of purchase. *Smith v. Lamb,* 26 Ill. 397; *Gorham v. Farson,* 119 Ill. 425.

Criticism is made of an instruction given to the jury, but its errors, if any, do not require a reversal. Even if the instruction be construed as submitting to the jury the question of title to the property and the effect of the guaranty policy, this would be harmless error as there is really no dispute on these points. *American Home Circle v. Eggers,* 137 Ill. App. 595.

Criticism as to instructions and upon the rulings upon evidence, although partially justified, are not sufficient to set aside a judgment based upon the only verdict which the jury would have been warranted in returning under the evidence. *Pennsylvania Coal Co.*

*v. Kelly*, 156 Ill. 9. The jury returned the proper verdict and nothing has been presented compelling reversal of the judgment, hence it is affirmed.

*Affirmed.*

HOLDOM, P. J. and DEVER, J., concur.