### JOHN R. MAIER vs. ANTOINETTE ROMANO.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The plaintiff was duly authorized to find a purchaser for the defendant's premises at a named price. He produced a customer who was ready, willing and able to purchase for that price upon condition that possession be delivered within three to ten days. The defendant refused to sell upon these terms; whereupon the plaintiff brought the present action for a commission. *Held* that the plaintiff was not entitled to a commission, since he had not produced a customer who was ready, willing and able to purchase at the fixed price, or at that price if his authority was to find a customer to make such purchase provided possession were delivered within a reasonable time.

Argued April 14th—decided June 2d, 1925.

ACTION to recover a commission alleged to have been earned by the plaintiff in the sale of defendant's real estate, brought to the District Court of Waterbury and tried to the court, *Beardsley, Deputy-Judge;* judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*James M. Lynch,* for the appellant (plaintiff).

*Frank P. McEvoy,* for the appellee (defendant).

PER CURIAM. The plaintiff seeks in this action to recover a real-estate broker's commission; the court rendered its judgment for the defendant, and on his

appeal the plaintiff assigns as error the court's conclusion, that plaintiff and defendant made no agreement respecting the sale of the property under which the plaintiff found a purchaser, as one which could not be reasonably or logically drawn from the facts found. An examination of the material facts found makes it entirely clear that this assignment of error is bad. The defendant's husband requested the plaintiff to find a customer for defendant's property for $4,900, and plaintiff informed defendant that her husband had placed her property in his hands for sale, and inquired if she wanted to sell, and she said yes. This may well be taken to be a ratification by her of the agreement of her husband with the plaintiff authorizing him to sell this property for $4,900. The plaintiff secured a purchaser who agreed with him to buy this property for $4,900, provided he could have possession in from three to ten days. Defendant never agreed, as a part of the terms of the sale given to plaintiff, to deliver possession in from three to ten days. Assuming that it was an implied term of this authorization to plaintiff that the possession should be given within a reasonable time, we could not hold as a matter of law that three to ten days was a reasonable time. Indeed, the facts found, that the defendant had a large family of seven children, which made it essential that defendant secure a place to live before giving up possession of her property, would point to the necessary inference that this period was not a reasonable one under the circumstances surrounding the defendant. The plaintiff never informed defendant that the purchaser required possession within this period. When the parties met to complete the transfer, defendant learned for the first time of this condition of the purchaser, and at once refused to agree to this condition, or to convey her property to the purchaser unless she were given the

occupancy of the property for not less than two months from the date of the agreement to convey. It is thus the unquestioned fact that the plaintiff never produced a purchaser who was ready and willing to purchase this property for $4,900, or for this sum provided possession were delivered within a reasonable time.

Upon the facts found the trial court could not legally or logically have reached the conclusion which the appellant draws from them.

There is no error.