Frederick Hummel, Trading as Frederick Hummel and Company, Plaintiff-Appellant, v. Nick Thomas and Nick Theodore, Defendants-Appellees.

## Gen. No. 45,500.

Opinion filed December 19, 1951. Released for publication January 7, 1952.

EDWARD S. CODY, of Chicago, for appellant; JACOB H. JAFFE, of Chicago, of counsel.

EDGAR B. ELDER, of Chicago, for appellees.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action for a real estate broker's commission. The court without a jury found for defendants and entered judgment on the finding. Plaintiff has appealed.

Defendants owned Chicago real estate which they listed for sale with plaintiff, a Chicago real estate broker. By written agreement, an exclusive sales agency was given plaintiff on July 8, 1948. The agency was to continue for sixty days, and plaintiff was authorized to sell for $60,000, to accept deposits of earnest money, and to execute "a binding contract . . . on form known as Chgo. Title Co. for improved property with usual provisions therein contained." Defendants under this contract were to pay plaintiff a brokerage commission.

The question presented is whether the plaintiff procured a purchaser ready, willing and able to buy on the terms prescribed in the agency contract.

On August 25, 1948, plaintiff obtained Yardley's signature to a "Chicago Title & Trust Co. 1928 Form . . . Real Estate Sale Contract—For Guaranty Policy Only." This offer to purchase was tendered to defendants. It called for possession of the premises immediately on payment of the purchase price. On September 1, a conference was held in the office of defendants' attorney. Plaintiff and defendant Thomas were present. There was a discussion of the contract and Thomas said that whatever the attorney did was all right. The possession provision was unsatisfactory to defendants because time was required

276

for the removal of equipment from the premises. The attorney drafted a new provision for possession in longhand, and the plaintiff telephoned Yardley who approved the change. This provision gave defendants fifteen days grace for the first floor of the premises after the purchase money was paid. The new provision was incorporated into the original offer. The revised offer and Yardley's $5,000 earnest money were proferred to defendants. They refused to accept the offer to purchase and refused to consummate the transaction.

It is not denied that Yardley was ready, willing and able to perform his undertaking. The agency contract did not specify the provision for possession in the purchase offer which plaintiff was authorized to obtain. It said nothing about possession. It called for a particular form of document with the usual provisions contained in that form. The record does not disclose what the usual provision of that form is with respect to relinquishment of possession by the vendor. Under these circumstances, it is plaintiff's contention that there is a presumption that the right to possession would pass to Yardley with the deed and that there was no variation between the agency contract and Yardley's second offer, but that if there were it was in defendants' favor since they were given fifteen days which they might not have had under the presumption referred to. Defendants contend on the contrary that there was a variance, and that Yardley's offer was not according to the terms of the agency, and that plaintiff was not entitled to a commission.

Plaintiff submitted the original offer which was not satisfactory. There was no objection that the offer was not on the form called for in the agency contract. It is not disputed that the parties met after the original offer was rejected in the office of defendants' attorney; that there they negotiated upon the question of relin-

quishment of possession; that defendants left the matter to their attorney who prepared an amendment to the original offer; that plaintiff then obtained Yardley's approval of the amendment; and that the amendment with respect to possession was written into the offer.

This evidence shows that the omission of a specific possession provision in the agency contract was supplied by negotiation between the parties to this action, and that when the revised offer was made it conformed to defendants' notion of what the agency contract called for. That the second offer was rejected does not mean that the negotiations on the question of possession were unsuccessful. The fact that in the instant case the parties after the original offer was rejected negotiated the omitted provision distinguishes *Maier v. Romano,* 102 Conn. 556, 129 Atl. 274, and *House v. Hornburg,* 61 N. E. (2d) (N. Y.) 748. We think that on the undisputed testimony the plaintiff was entitled to judgment (*Lapsley v. Holridge,* 71 Ill. App. 652; *O'Neal v. Plowden,* 220 Ala. 317, 124 So. 882) as a matter of law, because that testimony proves plaintiff produced a purchaser ready, willing and able to buy according to the terms of the agency.

For the reason given, the judgment is reversed and judgment is hereby given for plaintiff in the amount of $3,000.

*Judgment reversed and judgment for plaintiff for $3,000.*

LEWE and FEINBERG, JJ., concur.