## GARNETT vs. YOE.

1. In an action on a bond, a general demurrer will not lie for surplusage, argumentativeness, or duplicity in the assignment of the breach.

2. If a party, who has bound himself to execute title to land so soon as he can obtain it, neglects for more than two years to make an effort to procure the title, it is *prima facie* a breach of the condition of his bond.

3. The refusal of the vendor to convey the land in accordance with the stipulations of his contract, is a breach of the condition of the bond, notwithstanding the vendee has not presented him a deed to execute.

4. A deposition taken without notice to the opposite party and without his attendance or cross-examination of the witness, is not admissible as evidence for him.

5. All public land is not subject to entry, and a charge of the court is erroneous, which assumes the contrary.

6. Where a vendor, who has bound himself to execute title to land so soon as he can obtain it, neglects for more than two years to procure the title, in an action on his bond, it is incumbent upon him to show that he could not, with reasonable diligence, have obtained the title.

7. The judgment in an action on a bond for the performance of covenants should be for the penalty, with nominal damages and costs.

Error to the Circuit Court of Pickens. Tried before the Hon. Sam'l Chapman.

This was an action of debt instituted by the defendant against the plaintiff in error on his bond, dated 9th August 1843, and conditioned for the conveyance to the plaintiff below of a tract of land in Kemper county, Mississippi, so soon as the obligor could obtain title to it. The declaration contained six assignments of breach. The first is, that on the 27th of Sept. 1845, the plaintiff tendered a deed, drawn in the usual form, to the defendant, and requested him to execute it, which he refused to do. This assignment goes on to aver that from the 9th of August 1843, to the 27th Sept. 1845, the defendant could have obtained a title to the land. The second alleges, that after the lapse of a reasonable time from the execution of the bond, during which time the defendant might have obtained title to the land, the plaintiff tendered him a deed, drawn in the usual form, and requested him to execute it, which the defendant refused to do. The third, fourth and fifth assignments are stated in the opinion of the court. The sixth assignment avers that on the 27th Sept. 1845, he demanded of the said defendant a conveyance to him of the land by deed in the usual form, and that the defendant refused to convey it. The defendant demurred to each assignment separately, but the court overruled his demurrers. Several exceptions were taken in reference to the exclusion of testimony, to charges given by the court, and to its refusal to give others that were asked—all of which sufficiently appear in the opinion delivered.

Porter, for plaintiff in error:

1. Each branch of the declaration was demurrable. The first contains two averments and does not conform to the condition. The same objection lies to the second. The third is argumentative, and irregular. The fourth and fifth, and the sixth, are double. Neither could be answered by a single plea raising a single issue. A breach must always be so assigned as to show a broken contract.—Watts v. Shephard, 2 Ala. R. 425; Sorrell v. Sorrell, 5 Ala. R. 576; Bearce v. Jackson, 4 Mass. R. 408; McGohan v. McLaughlin, 1 Hall, 33; Rickert v. Snyder, 9 Wend. 416.

2. The evidence offered was pertinent to the issue, as it went to prove that the obligor could not procure the title. The plaintiff took the covenant on that condition, and he was bound

by it. The charges of the court were too broad, and were calculated to mislead the jury. The charges refused were legally proper in the case, under the evidence.

PECK, for the defendant:

1. All the objections to the several breaches are frivolous. It is certainly no objection that a breach contains two averments : The two first breaches state that the plaintiffs, before a certain time, could have obtained title, but had neglected to do so, and refused to convey, &c. These facts, if true, shewed a breach of the condition.

2. The third breach is not obnoxious to the objections made, that is, that it is argumentative, and irregular; but, if true, it does not follow that it would be bad on general demurrer.

3. The objections to the fourth, fifth and sixth breaches are, that they are double. These objections do not in fact exist, but if they did, duplicity in a declaration cannot be reached by general demurrer.

4. The objection to the evidence offered by the plaintiff in error was properly sustained. The evidence of the witness, Bliss, was clearly irrelevant: The deposition offered was equally so, but as it is not set out in the record, the court can't say that the judge erred in rejecting it.

5. There is no error in the charges given, nor in refusing the one asked. The court will refer to the charges to see their propriety. The second charge given was, if the land was vacant land, and the plaintiff in error had neglected to enter it, he was liable. It seems to me there can be no objection to this charge. The charge asked sought to cast upon the defendant in error the proof of defensive matter, to-wit: that the plaintiff in error had obtained title, or could have done so with reasonable diligence ; the court charged that if he had not obtained title, and had used due diligence, &c. it was for him to shew it. This was right.

PARSONS, J.—This is an action of debt, founded on a bond executed by Garnett, in the penalty of two thousand dollars, to Yoe, bearing date, according to the declaration, the 9th day of August 1843, conditioned to be void if Garnett should convey to Yoe a tract of land described, lying in Kemper county in the State of Mississippi, so soon as Garnett could ob-

·tain title to the same. Six breaches are assigned in the declaration, and the defendant below demurred to each of them. His counsel here contends, as to the two first, that each one contains several averments, and that they do not conform to the condition of the bond. But the several facts in each terminate in one point, in showing a specific breach. If more is alleged than was necessary for this purpose, it is but surplusage. They do not substantially vary from the condition of the bond, and are not, therefore, subject to a general demurrer. It is contended that the third assignment is irregular and argumentative, and that the fourth, fifth and sixth are double. If all this were admitted, they would not be bad on general demurrer. We admit they must show that the contract was broken, but we think them sufficient for that purpose. The third assignment is that Garnett had made no effort to obtain the title up to the time of the suit, and was consequently unable to make title to Yoe, and this by his own neglect. This was a violation of the bond. The fourth assignment is that Yoe, on the 27th day of September 1845, more than two years after the execution of the bond, demanded of Garnett a conveyance, tendering a deed in the usual form, to be executed, which was refused. What is reasonable time, is a question of law, when the facts are not disputed. *Prima facie*, Garnett, at the time of his refusal, had been allowed a reasonable time to procure the title. The fifth assignment is that Garnett had obtained the title; that Yoe had demanded a conveyance, and that Garnett refused to make it. The demurrers admitted the facts. The refusal was a breach of the contract. Any objections that can be taken to the sixth assignment, must fail, under some of the views already taken. In Wade v. Kellough et al., 5 Stewart & Porter, 450, it was held that the vendee was bound to tender the conveyance to be executed by the vendor, when the vendor had given him his bond to convey land on or before a particular time. If that were an open question, it might be considered doubtful at least, but it does not settle the present question; for here a refusal to convey is alleged. After a refusal to convey, it is very unnecessary for the purchaser to be at the expense of preparing a deed. If he refused for a good reason, he is bound to show it, but he cannot show it by demurring, as that admits his refusal. We think there was no error in overruling the demurrers.

It appears by the bill of exceptions that Garnett had taken a deposition, but did not offer it as evidence on the trial. The deposition was offered in evidence by Yoe and admitted by the court, to which Garnett excepted. It does not appear that it was taken on notice to Yoe, or that he attended or cross-examined. It could not, therefore, have been read against him, and we think it should not have been admitted against Garnett. We are satisfied, however, with the opinion in Stewart et al. v. Hood, 10 Ala. R. 600. The deposition was admitted as evidence in that case, at the instance of the party against whom it was taken, because he had cross-examined the witness.

The deposition of Reuben H. Grant, which is mentioned in the bill of exceptions, does not appear in the transcript, and consequently we cannot decide whether the opinions of the Circuit Court in regard to it were erroneous or not.

We cannot say that there was error in excluding the evidence of the witness, Jonathan Bliss; because it does not appear, even if his evidence were otherwise admissible, that it had any relation to this tract of land. And for the same reason we cannot say there was error in excluding the testimony of the next witness referred to in the bill of exceptions, but whose name is not stated.

The second charge of the court to the jury was this: that if they believed the land in question was vacant land, it was in the power of Garnett to enter it, and not doing so, he was liable on his bond. In this we think there was error. It is a mistake to suppose that all the vacant public land, without regard to time, place or other circumstances, can be entered in the land offices, by any one disposed to do so: Nor can the court judicially know when a particular tract of land in another state may be entered. This is a fact to be established by evidence. It appears that there was no evidence of it on the trial.

Garnett requested the court to charge the jury, that to authorise a recovery it was essential for the plaintiff to prove that he, Garnett, had obtained a title to the land, or could have done so by reasonable diligence, which the court refused to charge, but charged that it was for Garnett to show that he could not, with reasonable diligence, have obtained the title, so as to make it to the plaintiff. It is very generally true that the plaintiff is required to prove his assignment of breaches, but there

are exceptions to this rule, as if the breach assigned is the non-payment of rent. He is not required to prove such a negative as that; and the exception is still wider, and includes those cases in which the facts lie peculiarly within the defendant's knowledge and are not easy of proof by the plaintiff. Hence, we can see no error in the charge on that point.

The judgment is erroneous. It should have been for the amount of the penalty, with nominal damages and the costs. Costs are allowed by our statutes. By the common law, in such actions, the plaintiff recovered the penalty and nominal damages, and this was not altered by the English statute.—Gainsford v. Griffith, 1 Saunders' R. 58, note 1: Neither is it altered by our act of 1824.—Clay's Dig. 330, § 96, &c. It was intended by the English statute as well as ours, that the judgment should stand as further security for future breaches, upon which the sci. fa. is given. Hence the propriety in all and the necessity in many cases of rendering judgment for the entire penalty. In the case before us, the judgment was rendered for the amount of the verdict, instead of the penalty. In the present case, it is true, there could be no further breaches, and we are not sure that we would reverse or remand for this, more especially at the instance of the defendant below, who could not be injured by it. But at the same time it is safest and best to adhere to the established modes of proceeding, and departures from them are not to be encouraged. There is no injustice in giving judgment for the penalty, as the statute secures the defendant against the payment of any thing more than the amount of the verdict and costs. We can discover no other errors in the judgment or proceedings. Let the judgment be reversed and the cause remanded.