## Cotton *et al, v.* Cotton.

*Bill in Equity for Specific Performance of Contract for Purchase of Lands.*

1. *Contract ; when to be performed within a reasonable time.*—When a contract does not specify a particular time, or appoint the happening of a particular event for the performance, the presumption is, that the parties intended performance within a reasonable time; and what is a reasonable time, depends materially upon the nature of the duty to be performed, the relation of the parties, and the peculiar circumstances of the particular case.

2. *Same ; reasonable time for performance ; when a question of law, and when of fact.*—What is a reasonable time for performance, is sometimes a question of fact, and sometimes a question of law. When it de-

[Cotton et al. v. Cotton.]

pends upon facts extrinsic to the contract, which are matters of dispute, it is a question of fact; but when it depends upon the construction of a contract in writing, or upon undisputed extrinsic facts, it is matter of law.

3. *Contract for sale of lands ; what a reasonable time for performance.* Under a contract for the sale of lands, by which the vendor covenanted to convey so soon as he could ascertain the numbers, in the absence of all evidence of intervening impediments, the court inclines to the opinion that six months would be ample time for performance, but adds that, for the purposes of the present case, the court may take two years as a reasonable time, the period allowed to the vendor to obtain title in *Garnett v. Yoe*, 17 Ala. 74.

4. *Same ; when bill for specific performance barred.*—When the vendee under executory contract for the sale of lands is not, and has not been within ten years, in possession, and the possession has not been in recognition of his right, the statute barring an action at law to recover damages for a breach of the covenant to convey, upon the expiration of ten years from the breach, applies to a suit in equity by the vendee for a specific performance.

APPEAL from Greene Chancery Court.
Heard before Hon. THOMAS COBBS.
The facts are sufficiently stated in the opinion.

HEAD & BUTLER, for appellants.

WM. P. WEBB and H. M. JUDGE, *contra.*

BRICKELL, C. J.—The purpose of the original bill, filed on 21st October, 1881, is the specific performance of a contract, made and entered into on the first day of January, 1867, by which the defendant in writing bound himself, and covenanted that he would convey to the ancestor of the complainants five hundred acres of a larger tract of land, when he could ascertain the numbers thereof. The defendant remained in the open, notorious, continuous possession of the entire tract, taking the rents and profits, claiming title, and exercising acts of ownership. The ancestor of the complainants died in 1879, or 1880, not having during his life claimed the performance of the contract, or sought by legal remedies a recovery of damages for a breach of its covenant or condition. Assuming that the duty of ascertaining the numbers of the lands is devolved on the defendant, and the further duty of giving notice to the vendee of the fact that he had ascertained them, and was ready to convey, he was bound to the performance of the duty in a reasonable time; he could not delay or procrastinate the day of performance indefinitely, at his mere will; nor could the vendee, by neglect to demand performance, keep alive the covenant, as a stipulation to be performed at his mere option. The rule of law is, that when a contract does not specify a particular time, or appoint the happening of a particular event, for

[Cotton et al. v. Cotton.]

performance, the presumption is the parties intended performance within a reasonable time. What is a reasonable time, is sometimes a question of fact, and sometimes a question of law. When it depends upon facts extrinsic to the contract, which are matters of dispute, it is a question of fact; when it depends upon the construction of a contract in writing, or when it depends upon undisputed extrinsic facts, it is matter of law.—1 Brick. Dig. 397, §§ 281–82.

In *Garnett v. Yoe*, 17 Ala. 74, the vendor covenanted that he would make titles to lands so soon as he could obtain them. Two years elapsed without his having obtained them, or having made an effort to obtain them, and there was no effort on the part of the vendee to quicken his diligence. Upon these undisputed facts, the court pronounced, as matter, of law, that a reasonable time for performance of the covenant had passed; that it was broken, and that the vendor was answerable in damages for the breach. What is a reasonable time for the performance of a contract, the parties not appointing a time for performance, depends materially upon the nature of the duty to be performed, the relations of the parties, and the peculiar circumstances of the particular case. The duty devolved upon the vendor was simple, easy of performance in a very brief period of time. An examination of his title papers would probably have disclosed the true numbers of the land according to the governmental survey, or if it would not, a survey could readily have been made by the county surveyor, by which the vendee would have been bound *prima facie*, if notice of it was given him. If it were necessary to fix a reasonable time for the performance of the duty, in the absence of all evidence of intervening impediments, we would incline to the opinion that six months would be ample. But for all the purposes of the present case, we may take as reasonable the period of time allowed in *Garnett v. Yoe, supra*, to the vendor to obtain titles. The covenant was then broken for a period of thirteen years, nine months and twenty days, before the institution of this suit.

A vendee, holding a bond or covenant for the conveyance of the title to lands at a future day, may elect to proceed at law for the recovery of damages, or he may resort to a court of equity for specific performance; the remedy he will elect lies in his own discretion.—*Haynes v. Farley*, 4 Port. 528 ; *Greene v. Allen*, 32 Ala. 215. An action at law to recover damages for a breach of this covenant, the plaintiff not resting under disability of suit, was barred upon the expiration of ten years from the breach.—Code of 1876, § 3225. When the vendee is not, and has not been within ten years, in possession ; when the possession has not been in recognition of his right, the statute

applies to a suit in equity for a specific performance, as well as to a suit at law for the recovery of damages.—Waterman on Specific Performance, §§ 89–102 ; *Peters v. Delaplaine*, 49 N. Y. 362.    There is, in such case, nothing upon which a court of equity can lay hold, and withdraw it from the operation of the statute.    Prior to the Code, the rule upon which courts of equity proceeded uniformly was, that in all cases of concurrent jurisdiction, though the statutes did not mention equitable remedies, and were in terms directed against legal actions, they were as obligatory upon the court as upon courts of law.    If the right or demand was equitable, of pure, exclusive equitable cognizance, the statute was adopted and applied by analogy.—1 Brick. Dig. 608, §§ 852–54.    The Code, in express terms, declares the statutes are applicable to and govern suits in equity. Code of 1876, § 3758.

There is no fact or circumstance which will withdraw this case from the operation of the statute.    The concession may be made to the complainants (though there would be in view of the evidence much of difficulty in supporting it), that the bond to their ancestor is valid and founded on a valuable consideration.    The stubborn fact remains, that for more than fifteen years after the execution of the bond, for more than thirteen of which the ancestor had a plain, unembarrassed right of action, or of suit in equity, the vendor remained in open, notorious, continuous possession, taking the rents and profits, asserting title in himself exclusively.    We concur in the opinion of the chancellor, that the statute of limitations is a bar to the suit.

Affirmed.