# Pate v. McConnell.

*Action of Assumpsit.*

1. *Pleading and practice; when wrongful sustaining of demurrer to complaint error without injury.*—Where demurrers to certain counts of a complaint are wrongfully sustained, but under the remaining counts the plaintiff has the full benefit of all matters which could have been available to him under the other counts, the error in sustaining the demurrer is error without injury.

2. *Vendor and purchaser; what necessary to put vendor in default.*—Where a purchaser holds a bond for title to land in which the vendor

29

[Pate v. McConnell.]

covenants that upon full payment of the purchase money he will convey, by deed with general warranty, the land in fee simple, before the vendor can be put in default for non-performance of the covenant, the purchaser must pay, or tender payment of, the entire purchase money, and must have prepared and offered to the vendor for execution a conveyance in terms conforming with the covenant; but if performance of the covenant is impossible, or the vendor has disabled himself from performing the covenant, a demand for performance, being vain and useless, is unnecessary.

3. *Same; same; action to recover back purchase money.*—Mere defect of title in the vendor and a present inability to give such a title as he covenants to do in a bond for title, does not, in all cases, dispense with the necessity of payment of the entire purchase money and the demand by the vendee of a conveyance, in order to entitle the latter to maintain an action to recover back the purchase money already paid; and where, in such an action, there is no proof of tender of payment of the purchase money and of demand for the conveyance, and it is shown that, notwithstanding an infirmity of title in the vendor, if the purchase money had been paid, the vendee could and would have obtained a title conforming to the covenant, the plaintiff can not maintain the action.

4. *Same.*—In such an action, it is no excuse for the failure of the plaintiff to make tender and demand a conveyance, that he was not formally notified of the vendor's readiness and ability to perform the covenant; there being no duty resting upon the vendor to give such notice, but the duty being on the vendee to tender performance of the act on which the obligation of the vendor depended.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This suit was brought February 1st, 1893, by the appellauts, E. & S. Pate, against the appellee, Roscoe McConnell. The complaint, as originally filed, contained six counts. The first count claimed the amount sued for as due from defendant "by an account between the defendant and plaintiffs." The 2, 3, 4 and 5 counts were the common counts; and the 6th count sought to recover for the breach of a bond for title given by the defendant and J. M. Carter and S. G. Painter. The defendant demurred to the 2, 3, 4, 5, and 6 counts, which demurrers were sustained, and issue was joined on the plea of the general issue pleaded to the first count.

The evidence on the trial of the case, as is shown by the bill of exceptions, tended to show that on January 7th, 1887, the defendant, McConnell, and J. M. Carter and S. G. Painter executed to the plaintiffs a bond for

[Pate v. McConnell.]

title to a certain lot, which they that day sold to plaintiffs for $1200 ; $600 being paid in cash, and the balance payable in two equal annual instalments with interest; that in said bond for title the vendors covenanted that upon the payment of the purchase money for said lot they would convey ''by good and sufficient deed, in fee simple, with general warranty,'' the lot then purchased ; that after the payment of the cash payment, the plaintiffs paid $160 in 1888 and $160 in 1889 ; that after the last payment in 1889, suit was brought in the chancery court of Jefferson county by one Scheussler against the vendors, McConnell, Carter and Painter, the plaintiffs, and others, seeking to foreclose a mortgage on the lot sold to plaintiffs, as well as other lands, which mortgage had been executed to said Scheussler by McConnell, Carter and Painter on the lot sold to plaintiffs and the other lands included therein to secure the payment of the purchase money therefor to the said Scheussler; that in May, 1891, a decree was rendered by the said chancery court, foreclosing said mortgage, and under that decree the lot purchased by the plaintiffs was sold. The defendant testified that the plaintiffs never demanded a deed; and that if the purchase money for said lot had been paid, he would have been able to give plaintiffs a valid deed conveying to them a fee simple title to said lot.

The cause was tried by the court, without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the defendant. The plaintiff's appeal, and assign as error the sustaining of the demurrers to their complaint, and the rendition of judgment for defendant.

RICHARD H. FRIES and GARRETT & UNDERWOOD, for appellant.—1. The vendee of land under a bond for title must, as a consideration precedent, ordinarily prepare and tender a deed and pay balance of purchase money; but if the vendor is unable to convey such a title, as is required by the bond, the vendee is excused from such condition.—*Johnston v. Collins*, 17 Ala. 314. If the vendee, under a bond for title, with general warranty, enters into constructive possession of property, and is subsequently evicted by a superior outstanding title, and receives no benefits under the contract of purchase, the

vendee is entitled, *ex aequo et bono* to a refund of the purchase money.—*Gunter v. Beard*, 93 Ala. 235; *Flinn v. Barber*, 64 Ala. 199; *Lett v. Brown*, 56 Ala. 552; *Gillespie v. Battle*, 15 Ala. 276.

2.   If the vendor requests his vendee to hold himself in readiness to pay the balance of the purchase money, if he (the vendor) can make satisfactory arrangements to release a mortgage and thereby procure a sufficient title, the vendee is excused from tendering the balance of such purchase money, and preparing and tendering deed until advised of the happening of such contingency in a reasonable time.—*Williams v. Harper*, 1 Ala. 502; *Fitzpatrick v. Hendrick*, 11 Ala. 783; *Garnett v. Yoe*, 17 Ala. 74.

3.   When a vendor executes a bond for title with a provision to alien and convey a good and sufficient deed with general warranty and requests the vendee to hold himself in readiness to pay the balance of the purchase money in order to release a mortgage or procure an outstanding superior title, the vendee's prior default, if any, in making prompt payments on the land, is thereby excused and waived.—*Acker v. Bender*, 33 Ala. 234.

4.   Knowledge on the part of a vendee of a superior outstanding mortgage does not affect the right of the vendee to a return of the purchase money, when a bond is given to convey a fee with general warranty.—*Flinn v. Barber*, 64 Ala. 199; 2 Greenl. on Evidence, 242 and notes.

5.   When the vendor parts with nothing and the vendee receives nothing for the purchase money paid to the vendor, there is a total failure of consideratien, and the money *ex aequo et bono* belongs to the vendee.—2 Greenl. on Evidence, § 124; *Dickinson v. Wright*, 35 N. W. Rep. 164; *Harper v. Claxton*, 62 Ala. 47; Chitty on Contracts, 245–489.

E. K. CAMPBELL, *contra*.

BRICKELL, C. J.—Whether there was technical error in sustaining any or all the causes of demurrer which were assigned to all the counts of the complaint except the first, it is not now material to consider.   On the trial on that count, it is apparent the plaintiffs had the full benefit of all matters which could have been

[Pate v. McConnell.]

available under the other counts; and if there be error
in sustaining the demurrers, it is error without injury.

The plaintiffs seek a recovery back of nine hundred
and twenty dollars, which they had paid the defendant
and his partners or associates, as part of the purchase
money of a lot or parcel of land, which they covenanted
to convey in fee simple to the plaintiffs, by deed with
general warranty. on the full payment of the purchase
money.   The entire purchase money was twelve hun-
dred dollars, of which six hundred dollars was paid at
the time of the purchase, on the execution of the cove-
nant, and the remainder was payable in two equal an-
nual instalments with interest.   It is not matter of con-
troversy, that the covenant of the defendant was de-
pendent, and before he could be put in default for non-
performance, the plaintiffs must have paid, or tendered
payment of the entire purchase money, and, according
to the rule which has long prevailed in this State, must
have prepared and offered for execution a conveyance in
terms conforming with the covenant.—1 Brick. Dig.
311, § 69.   The inability of the defendant or his associ-
ates, at the time appointed for making title, to make
title as covenanted, under some circumstances, would
have relieved the plaintiffs from the duty of tendering
payment of the purchase money, and a conveyance for
execution.   When performance of a contract is impossi-
ble, or the party to be charged has disabled himself from
performance, a demand of performance would be vain
and useless.   But it is quite an error to suppose, when
parties stand in the relation of vendor and vendee of
real estate, that under any and all circumstances, a
mere defect in the title of the vendor, or a mere inabili-
ty at the time appointed to make such title as he had
promised or covenanted, will relieve the vendee from the
duty of tendering payment of the purchase money, and
demanding a conveyance.   In *Hartley v. James*, 50 N. Y.
38–40, it is said:   "These defects of title in the vendor
and a present inability to give such a title as the con-
tracts calls for, may not in all cases, and under all
circumstances, dispense with a tender of payment and
a demand of a conveyance by the vendee, in order to
entitle the latter to maintain an action for the money al-
ready paid, or to defend an action for the purchase
money, if the payment becomes due before a deed is to

[Senn v. Joseph.]

be given by the terms of the contract. Under some circumstances, the court will not hold a contract void by reason of the inability of the seller to make a perfect title, but will put the purchaser to a tender of payment and a demand of the deed, to the end that the seller may make his title good." The observation is peculiarly applicable to the facts of this case. It is probable, if not certain, that there was no period of time after the purchase money became due, during which, if the plaintiffs had tendered payment, the vendors could not have freed their title from its infirmity, and made the plaintiffs a good title conforming to the covenant. However this may be, the evidence is clear and convincing, that at and prior to the commencement of this suit, by a tender of payment, the plaintiffs could and would have obtained a title conforming to the covenant. It was immaterial that the plaintiffs were not formally notified of the readiness and ability of the vendors to perform. There was no duty resting on the vendors to give such notice—the duty was on the plaintiffs, if they desired performance of the covenant, or if they intended to place the vendors in default for non-performance, to tender performance of the act on which the obligation and duty of the vendors to perform depended. The plaintiffs failed to make a case entitling them to a recovery back of the purchase money they had paid, and the city court properly rendered judgment against them.

Affirmed.