[No. 16735.   Department One.   February 27, 1922.]

## J. H. RAFFERTY, *Appellant,* v. GEORGE A. GASTON, *Individually and as Administrator etc., Respondent.*[1]

VENDOR AND PURCHASER (48)—CONTRACT—FORFEITURE—DEFAULT BY VENDEE—WAIVER. A purchaser of real property under an executory contract making time of its essence, who defaults in payments without the acquiescence of the vendor, cannot recover the amount paid on the contract, though the vendor, subsequent to the default, has sold the property to another.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered August 9, 1921, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*James A. Dougan,* for appellant.

*Vance & Christensen,* for respondent.

MITCHELL, J.—On July 29, 1918, George Gaston and Belle Gaston (the latter having died since the commencement of this action), husband and wife, as owners, entered into a written contract with J. H. Rafferty of Seattle, Washington, for the sale to him of certain real property in Thurston county, on the installment plan. On October 16, 1920, Gaston and wife sold and conveyed the property to a third party, without the

'Reported in 204 Pac. 595.

knowledge or consent of Rafferty. Thereafter this suit was instituted by him to recover the amount of certain payments he had made on the contract. Upon issues joined, the case was tried, resulting in a judgment in favor of the defendants, from which this appeal has been taken.

The terms of the sale consisted of a cash payment and the balance was to be paid in monthly installments, with interest payable monthly on the unpaid installments; all payments to be made at the home of the vendor in Olympia. The vendee agreed to pay all taxes that became due on the property after the date of the contract. Time was made of the essence of the contract, and in case of failure to make payments as specified, it was provided that all payments already made should be forfeited as liquidated damages and that the contract should become null and void at the option of the vendors, who should have the right to reenter and take possession of the premises.

It was alleged in the complaint that the plaintiff was at no time in default in making his payments under the terms and conditions of the contract. The evidence shows the appellant made payment from time to time after the initial cash payment. In his brief, counsel for the appellant argues that "Mr. Rafferty paid long in advance of any amount that he might owe on this contract, and made the last payment in September, 1919, the last payment being in the sum of $190. The contract did not call for more than $25 per month." He had the privilege and at times did pay more than $25. The trial court found, however, and we think correctly so, that the last payment, together with all prior ones, became used up, so that on July 29, 1920, appellant was in arrears in his monthly payments and interest in the sum of $110. Further, and somewhat inconsistently, appellant contends that because there were

some months, prior to the last payment, in which no payments were made, that therefore there had been a waiver of the terms of the contract in respect to time by the respondents, and that they are estopped from their claim of forfeiture. But there is no such allegation in the pleadings, and, besides, it is manifest that the payments made, including the last one, were more than equal to $25 per month at the time of payments and were considered by both parties as "payments in advance," and can in no way be treated as extending leniency, or to effect the waiver of the terms of the contract respecting default and forfeiture.

The taxes due on the property in 1919 and 1920 were neglected until August 2, 1920, when they, with accumulated interest, were paid by the respondents.

Reliance is had by the appellant upon a provision in the contract, as follows: "In case J. H. Rafferty should become unable to make monthly payments as above agreed, an extension of two years will be allowed, but the interest is to be kept up." No extension was asked for, nor was any given, and if it be argued that the language employed should be considered self-executing so as to prevent a forfeiture, yet there is the exception of "interest" which "is to be kept up," an obligation wholly neglected by the appellant for all time subsequent to March, 1920.

The appellant never took possession of the property, but continued to live in Seattle, his address being unknown to respondents, who, having heard nothing from him after the payment in September, 1919, sold the property to another in October, 1920, as already stated.

A purchaser under an executory contract to purchase real property, in default in making his payments, without the consent or acquiescence of the vendor, such as is the case here, cannot recover of the latter the amount he has paid on the contract, time being of the

essence of the contract; and the fact that the vendor, subsequent to the default, has sold the property to another does not change the rule.

Affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.