(110 So. 60)

## JONES et al. v. SUBLETT et al.    (8 Div. 468.)

(Court of Appeals of Alabama.    Oct. 26, 1926.)

Vendor and purchaser ⬳317—Affirmative charge for purchaser, in assumpsit on check given as down payment on contract for sale of land on which payment had been stopped, held error.

Where executory contract for sale of land provided for down payment by purchaser to render contract binding, and no further payment could be enforced until plaintiff removed incumbrances on land, and there was no deceit in assumpsit on check given as down payment on which payment had been stopped due to incumbrances on land, affirmative charge for defendant held error.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action in assumpsit by B. F. Jones and Mary C. Jones against B. A. Sublett and Minnie Sublett. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

S. H. Richardson and Douglass Taylor, both of Huntsville, for appellants.

The existence of a mortgage on plaintiffs' land did not excuse the defendants from carrying out their contract by tendering payment for the land. Drake v. Nunn, 210 Ala. 136, 97 So. 211; Cullum v. Branch Bank, 4 Ala. 21, 37 Am. Dec. 725; Pate v. McConnell, 106 Ala. 449, 18 So. 98. The giving of affirmative charges for defendants was error. Wolf v. Do ex dem. Delage, 150 Ala. 445, 43 So. 856; Davidson v. State, 63 Ala. 432: Crutcher v. Memphis & C. R. Co., 38 Ala. 584: Scott v. State, 110 Ala. 48, 20 So. 468: Shipp v. Shelton, 193 Ala. 658, 69 So. 102.

R. E. Smith and Spragins & Speake, all of Huntsville, for appellees.

There was no error in the affirmative instruction given by the court. Dinsmore v. J. H. Calvin Co., 214 Ala. 666, 108 So. 583.

SAMFORD, J. The facts in this case are without conflict. The parties to this suit entered into the following contract:

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"This contract made and entered into this the 10th day of January, 1925, by and between B. F. Jones and his wife, Mary C. Jones, parties of the first part, and B. A. Sublett and Minnie Sublett, parties of the second part, witnesseth:

"That the parties of the first part do hereby agree and bind themselves to sell, and the parties of the second part to purchase, the following described property upon the following terms: The home and storehouse and lot belonging to the parties of the first part, situated at or near Brownsboro, in Madison county, Ala., and the entire stock of goods located in said storehouse, being all the real estate the only stock of goods owned by the parties of the first part in Madison county, Ala.

"The purchase price of the real estate is and shall be $3,500. The purchase price of the stock of goods contained in the store shall be equal to the invoice or cost price of such goods, which shall be invoiced by the parties hereto or their representatives at once.

"The entire purchase price of said land and stock of goods shall be paid in cash by the parties of the second part to the parties of the first part, on or before January 20, 1925, upon tender by the parties of the first part to the parties of the second part of a good and sufficient deed, conveying and warranting the title to said land, and bill of sale from the parties of the first part to the parties of the second part of the stock of goods, with warranty as to title free of incumbrance and right to convey.

"The parties of the second part do hereby pay the sum of $500 in cash, receipt of which is hereby acknowledged by the parties of the first part, to be applied upon the total purchase price in the event this contract is carried out, and consummated according to the terms hereof. In the event the parties of the second part shall fail to carry out this contract, or any portion thereof, or fail to take stock of the goods as hereinbefore mentioned, or fail to make payment, or tender of payment in cash, to the parties of the first part of the full balance due on the purchase price of said land and stock of goods, then, in either of said events, the said sum of $500 presently paid by the parties of the second part shall be forfeited to the parties of the first part as liquidated damages for the breach of this contract.

"In witness whereof we hereunto set our hands and seals in duplicate, on this the day and year first above written."

At the time of signing this contract, and in lieu of the $500 cash payment therein stipulated to be paid, defendants gave to plaintiff a check on the First National Bank of Huntsville for $500. Before this check reached the bank, defendants ordered the payment stopped, as a result of which the bank refused payment and returned the check to the plaintiff. Issue was joined on the plea of the general issue in short by consent, and defendants sought to justify instructions to the bank, and to defend this suit, upon the facts proven in the case that at the time of the giving of the check there were two mortgages on the real estate described in the contract payable to the Tennessee Valley Bank, aggregating $7,500, which appeared on the record of Madison county to have been unsatisfied either in whole or in part. If this had been all the evidence, or if there had been evidence tending to show a misrepresentation as to incumbrances on the land by the plaintiff at or before the entering into the contract of sale the defendant would have been entitled to affirmative instruction on a plea of deceit or fraud, both of which pleas are included in the plea of the general issue in short by consent. The foregoing principle finds support in the case of Drake v. Nunn, 210 Ala. 136, 97 So. 211, and Younge v. Harris, Adm'r, 2 Ala. 108, wherein it is held to be the settled law of this state that, where at the time the contract of sale is made, the purchaser, relying upon the vendor's implied representation that the title to the land is as to his own acts good and unincumbered, pays all or any part of the consideration, he may maintain an action for deceit founded upon the vendor's failure to disclose the existence of defects or incumbrances created by himself as was his duty in the premises. But such are not the facts in this case; the contract entered into by the parties is executory on both sides. The evidence is, and it is not controverted:

"At the time this contract was signed by us I told Mr. Sublett that there was a mortgage on the property held by the Tennessee Valley Bank and told him I was going to pay the mortgage."

It was also a part of the evidence that plaintiff told defendant that the amount of the mortgage was $2,500 or $3,500, and that this was all he owed on the property, and it was also proven that he had arranged with the bank to pay it $2,500 out of the purchase price of the land in full discharge of the mortgage. So that under the evidence here there was no element of deceit, and, being an executory contract on both sides, the agreement to convey at a future time is consistent with an intention to procure a release of outstanding incumbrances or defects. Under the contract here considered, the $500 was a cash payment to bind the trade between the parties pending the details of taking stock, investigation by the purchaser, the preparation of deeds, and the removal of liens and incumbrances as stipulated. The contract was mutual and binding. The seller was bound to convey according to its terms, and the purchaser was obligated to pay the $500 cash and to pay the balance when deed and bill of sale was tendered in accordance with the stipulations named therein—i. e., free of incumbrances. Having given the check for $500 which plaintiff accepted in lieu of the cash payment stipulated in the contract, and there being no just offset shown under the evidence in this case, the court was in error in giving the general affirmative charge as requested by defendant. Drake v. Nunn, 210 Ala. 136, 97 So. 211; Blanks v. Walker, 54 Ala. 117; Pate v. McConnell, 106 Ala. 449, 18 So. 98.

Having paid the $500 as per contract, no obligation rested upon defendants to make further payment until the incumbrances had been removed from the land and a deed and bill of sale was tendered embracing such warranties as were provided. The tender of the deed and bill of sale as made in this case, without a cancellation of the recorded mortgage, adds nothing to plaintiff's case and places no additional obligation upon defendants.

There was no exception reserved to the court's oral charge shown by the bill of exceptions.

For the error as hereinabove pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.