(117 So. 185)

## NICOLOPOOLOS v. HILL. (8 Div. 971.)

Supreme Court of Alabama. May 24, 1928.

**1. Vendor and purchaser ⬅️82—Modification of contract of sale held to extend time for payment of earnest money and for furnishing abstract.**

Modification by mutual consent of contract of sale of land by extension of time *held* to make part of earnest money payable with cash payment at time as extended for closing deal and to extend to that time, time for furnishing abstract.

**2. Vendor and purchaser ⬅️181—Under contract for conveyance free of lien, purchaser need not assume mortgage, with reduction from mortgage to be given by him.**

Under contract by which vendor was to convey property free from any lien and purchaser

was to give notes and mortgage for deferred payments, purchaser was not required to accept offer that he assume a mortgage on the property, with deduction of its amount from mortgage to be given by him.

**3. Vendor and purchaser ⬤⟿339—Property not being free of lien at time for payment, purchaser could recover earnest money without further payment or tender.**

Under contract for sale of land whereby at the same time purchaser, who had paid earnest money, was to make further payment and give notes and mortgage for balance, and vendor was to convey good title free from any lien, and on or before that time furnish abstract, and have any defects shown thereby cured, and failing to do so to return the earnest money, the abstract showing an existing mortgage, the purchaser was not required to make cash payment and let the vendor have the mortgage satisfied therewith, but without tender could recover the earnest money.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Action by A. H. Hill against G. P. Nicolopoolos. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Peach & Almon, of Sheffield, for appellant.

Appellant's agreement to convey the land, and appellee's agreement to pay therefor were dependent agreements. 27 R. C. L. 455; 40 A. L. R. 693. Appellee should have alleged performance of conditions on his part before being entitled to demand performance of appellant. In contracts for sale of lands, inability of the vendor to perform is not established by proof of the existence of incumbrance prior to the time for performance, since the vendor is not bound to perfect his title until that time. 40 A. L. R. 693; Pate v. McConnell, 106 Ala. 449, 18 So. 98; Le Bron v. Morris & Co., 110 Ala. 115, 20 So. 57; Blanks v. Walker, 54 Ala. 117; Clements v. Loggins, 2 Ala. 514; Drake v. Nunn, 210 Ala. 136, 97 So. 211. Payment or tender was a condition precedent to the right of the purchaser to rescind. Jones v. Sublett, 21 Ala. App. 563, 110 So. 60; Eaton v. Sadler, 215 Ala. 161, 110 So. 10.

Nathan, Nathan & Nathan, of Sheffield, for appellee.

Where the contract is executory on both sides, a failure of title is a failure of consideration, and a rescission of the contract may be had and the consideration recovered. 5 Thompson, Real Prop. § 4314. Appellee had performed every duty resting on him under the contract until appellant carried out his obligations, and no tender or further performance was necessary. Drake v. Nunn, 210 Ala. 136, 97 So. 211.

BOULDIN, J. The action is by the purchaser of lands under executory contract for refund of earnest money paid, the transaction not having been consummated.

By the contract, dated December 23, 1925, the purchase price was $13,400. $1,000 was paid cash, and $1,000 was to be paid February 1, 1926. These were advance payments in the nature of earnest money. On March 1, 1926, $4,700 was to be paid, with interest on the entire amount to that date, at which time a deed was to be executed, and notes and mortgage given for balance, $6,700, in four semiannual installments of $1,675 each. The seller was to convey to the buyer "good merchantable title to said property, free from any lien or incumbrance."

Paragraphs 5 and 6 of the contract read:

"(5) The seller agrees to furnish to the buyer on or before March 1, 1926, an abstract of the title to the said property extended to date, and the buyer will then have the abstract of title examined by attorneys in Colbert county, Alabama. If there are any defects in the title, the seller agrees to have same cured and furnish the buyer good merchantable title to the property, and should he fail to make the title good and merchantable he will return to the buyer the $2,000.00 paid.

"(6) The buyer agrees to pay the $1,000.00 provided to be paid on February 1, 1926, with 7 per cent. interest, and agrees that if he fails to pay it that the $1,000.00 paid upon the execution of the contract shall be forfeited as liquidated damages. The buyer further agrees that if he should fail to carry out the provisions of this contract as to payment to be made on March 1, 1926, and execution of notes and mortgages, then the payments made prior to that time shall be forfeited as liquidated damages."

[1] The payment of $1,000 stipulated to be paid February 1st was extended to March 1st. On March 2d the purchaser paid $500, the seller agreeing:

"It will be credited on your contract on that payment which was due February 1, 1926, and the contract will be extended to April 1, 1926, under all of its terms."

This modification by mutual consent had the effect of relieving the purchaser of the advance payment of $500 of the earnest money as originally stipulated, and made it payable with the $4,700 cash payment thus extended to April 1st. It had the further effect of extending the time for furnishing the abstract to April 1st, the new date fixed for closing the transaction. Plaintiff cannot now complain that the abstract was not furnished March 1st, nor can defendant complain that the $1,000 was not paid February 1st, nor March 1st.

The abstract was furnished about March 31st, disclosing an outstanding purchase-money mortgage of $2,500, executed by defendant. The mortgage debt had not matured, but it appears the mortgagor had the privilege of making payment before maturity.

[2] Plaintiff was under no duty to accept the offer made April 17th, looking to payment

óf the $5,200 cash, assuming the payment of the mortgage debt, and reducing the deferred payments accordingly.

The property was a platted tract in the Sheffield district. In the contract here involved, and also in the outstanding mortgage, it was stipulated that the purchasers might sell lots, applying agreed amount of proceeds on the mortgage indebtedness, and getting a release to the several purchasers.

Two proceedings of this sort would complicate such sales. But it is sufficient that the contract did not contemplate the assumption of an outstanding mortgage. The incumbrance was to be removed. Neither was the defendant bound to accept the counter offer to assume the mortgage, reducing the cash payment accordingly. Contracts can be modified only by mutual agreement.

[3] The controlling issue in the case grew out of the demand or insistence of the vendor that the cash payment, which by the modified contract was $5,200, with accrued interest, should be paid, or be placed in the bank with the notes and mortgage for deferred payments, whereupon the mortgage would be satisfied from such fund, and a good merchantable title, free from incumbrance, made to the purchaser. The purchaser insisted he was entitled to be furnished a deed conveying title free from incumbrance, before parting with his money. The incumbrance not being removed, nor a conveyance furnished as insisted upon, the purchaser declined to proceed further and demanded the return of the earnest money paid.

In the absence of special stipulations, the general rule is that a covenant to pay on the one part and a covenant to convey good title on the other, both to be performed at the same time, are mutually dependent, and neither party can claim a breach without a tender of performance, an offer to perform upon like performance by the other, or at least averment and proof of readiness and willingness to perform. Whether the one or the other of these alternatives is applicable appears under our cases to depend on the circumstances or character of suit.

The mere existence of an incumbrance prior to the date for conveyance of title is not a breach which will arm the vendee with a right of rescission. The covenant is to make good title as of the date named, and, if the incumbrance be such as may be removed, the vendor has the right so to do.

But if title cannot be perfected, if the vendor has disabled himself to convey such title as contracted, there is no duty upon the purchaser to go further. The right of rescission is complete. An offer to perform would be useless. In case of mutual rescission or abandonment of the deal, the parties are due to be placed in statu quo.

The principles involved have found application in bills for rescission, bills for specific performance, actions for damages for breach of contracts to convey, actions for refund of money paid, and actions for deceit or misrepresentation. McGehee v. Hill, 4 Port. 170, 29 Am. Dec. 277; Blanks v. Walker, 54 Ala. 117; Flinn v. Barber, 64 Ala. 193; Pate v. McConnell, 106 Ala. 449, 18 So. 98; Brady v. Green, 159 Ala. 482, 48 So. 807; Moss v. King, 186 Ala. 475, 65 So. 180; Drake v. Nunn, 210 Ala. 136, 97 So. 211; Eaton v. Sadler, 215 Ala. 161, 110 So. 10; Chandler v. Wilder, 215 Ala. 209, 110 So. 306.

The direct question here involved is whether under the contract made by these parties the payment or tender of purchase money was a condition to the right of action for the return of the earnest money.

Appellant insists that the cash payment required being sufficient to remove the mortgage incumbrance, the purchaser was required to pay it upon proper arrangement to satisfy the mortgage therewith and so obtain the title he bargained for.

Pate v. McConnell, 106 Ala. 449, 18 So. 98, is relied upon as in point. In that case a title bond had been given with condition that, upon payment of the purchase money, the vendors would convey "by good and sufficient deed, in fee simple, by general warranty." Default was made in making deferred payment. Thereafter an outstanding mortgage against the property was foreclosed. The purchaser then sued to recover the purchase money paid. The evidence showed that, if the purchase money had been paid, the vendor would have removed the mortgage incumbrance and made good title. On this finding of facts, it was declared the duty of the purchaser to tender payment, and, failing so to do, he could not recover.

In that case it will be noted that default was made in making payment of an installment due to be paid a year before the deed was to be executed. This fact materially affects the status in such cases. Burkett v. Munford, 70 Ala. 423.

From the decision in Pate v. McConnell, supra, it appears the failure to make payment by the purchaser occasioned the foreclosure suit against him and his vendors, resulting in loss to both.

In the case at bar the purchaser stipulated not only for a good title, but for evidence of same by abstract of title, and, in case it was found defective, the vendor covenanted to cure it, and furnish him a good title.

We can only construe this to mean that such should be the status of the title when the dependent covenants to pay and to make title became operative. Further payment was conditioned on furnishing a clear title. There can be no duty to make tender where there is no duty to make payment.

To make payment and receive a conveyance at the same time necessarily meant to receive a defective title for some appreciable time, leaving it to the vendor to clear it by the use

of the money paid by the vendee, or enter into an arrangement to handle the matter through a trustee. In either event, the contention of appellant leads to an enforced modification of the contract. To require the purchaser to pay the money wherewith to remove the incumbrance is to shift to him the burden of the vendor.

It is suggested that the vendor might not wish to take up the mortgage unless given a guaranty that the purchaser would take the property as agreed. The parties stipulated the guaranty, namely, that the $1,500 already paid should be forfeited as liquidated damages, if the purchaser failed to pay the $5,200 and execute papers for the balance, when furnished a good title. The right to claim such forfeiture can arise only on the conditions stipulated. Where the vendor has parted with nothing, and taken no steps to comply with his covenant, he should not retain both the land and the money. Equity has long raised a lien to prevent the purchaser from getting the land without paying for it. Mutuality of right and remedy is justice.

As no such title was furnished, the purchaser was not in default in failing to pay the cash payment including the $500 merged therewith by the extension agreement.

We reach the conclusion that plaintiff owed no duty in this case to make tender. Higgins v. Kenney, 159 Ga. 736, 126 S. E. 827, 40 A. L. R. 685; Blunt v. Kelly, 219 Ill. App. 327; Linton v. Allen, 154 Mass. 432, 28 N. E. 780; Sorensen v. Larue, 43 Idaho, 292, 252 P. 494; Dichter v. Isaacson (N. J. Sup.) 132 A. 481; Lunde v. Minch, 105 Conn. 657, 136 A. 552.

The rulings of the trial court were in accord with these views.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.