(130 So. 332)

## LASUSA v. GIBSON.
### 6 Div. 556.

Supreme Court of Alabama.
Oct. 16, 1930.

R. D. Coffman and Walter S. Smith, both
of Birmingham, for appellant.

Mullins, Pointer & Deramus, of Birmingham, for appellee.

SAYRE, J.

The reporter will cause the decree rendered by the trial judge, sitting as chancellor, to be shown in the report of the case.

The controversy between the parties appears to have been made to turn upon the question whether defendant—appellee here—was in default when he refused to pay a fee demanded of him by and for complainant's attorney on account of services rendered in the matter of demanding the payment of purchase-money notes due, and, according to their terms, to become due, from defendant to complainant under their lease sale contract.

The contract provided for trimonthly payments of rent, and, inter alia, that should appellee fail to comply with any condition or requirement thereof, he would thereby forfeit his right to a conveyance of the property and all money paid under the contract should be taken and held as rent, "and the party of the second part [appellee] shall be liable to the party of the first part [appellant] as a tenant for the full term of said lease, and the provisions herein 'that the rent paid under this lease shall be considered a payment for said property, and the party of the first part shall make and execute a deed with a warranty of title conveying said property to the party of the second part,' shall be a nullity and of no force or effect; and the failure of the party of the second part to comply with any of the conditions of this instrument shall ipso facto render the said provisions a nullity, and make the said party of the second part a lessee under this instrument, without any rights whatever except the rights of lessee without any notice or action whatever upon the part of the party of the first part." And, further, the contract provided that, should appellee "fail to pay the rents as they become due, as aforesaid, or violate any other condition of this lease," appellant should have the right "at their option," and without notice or demand, "to re-enter the premises and annul this lease." And further: "In the event of the employment of an attorney by the party of the first part on account of the violation of the conditions of this lease by the party of the second part, the party of the second part hereby agrees that he shall be taxed with said attorney's fee." The further provision was that, in all payments of rent made, such payments should be applied on purchase money, and appellant would thereupon execute a deed of conveyance to appellee. "It is further agreed that when the party of the second part has paid as much as one thousand dollars on the purchase price of said place he shall be entitled to a warranty deed and in return execute a mortgage to the party of the first part securing the balance of the purchase price." This agreement was entered into September 15, 1919. The controversy between the parties arose early in 1925.

In the beginning of the controversy appellee demanded to be placed in the category of a title holder according to the stipulation last quoted above. Appellant denied his right —refused a deed. He now cites authority to the effect that, because appellee failed to tender a deed for his (appellant's) execution, he was not entitled to have one made to him (appellee). Ordinarily, under a contract like

this, the contractual grantee must tender a deed to the grantor for the latter's execution. In the language of the authorities, to place the vendor in default, because of a failure to make title as and when specified in the contract, the vendee must prepare and tender a conveyance. Pate v. McConnell, 106 Ala. 449, 18 So. 98; 1 Brick. Dig. 311, § 69. But the refusal of the vendor to convey, as in this case, will dispense with the necessity of preparing and tendering a conveyance, and his refusal to convey the land in accordance with the stipulation of his contract is a breach of the condition of the bond, notwithstanding the vendee has not presented a deed for execution. Garnett v. Yoe, 17 Ala. 74; 1 Brick. 312.

■ It will be observed that the decree under review places its denial of relief on the ground that appellant was himself in default in the matter of making a deed at the time of the filing of the bill in this cause, and hence in no position to ask the intervention of equity, for, as the court held, appellee had complied, or had offered to comply, with every requirement of the contract between the parties, and appellant, nevertheless, had placed his denial of compliance on the ground that he was due an attorney's fee which appellee refused to pay. It is quite evident that at the time when appellant started his proceeding in this cause appellee had paid to him considerably more than the amount necessary to satisfy the condition upon which appellee was entitled to a conveyance, and so at the time when appellee demanded that he be placed in the position of whatever advantage the execution of a deed would confer, and hence that the decree requiring the execution and delivery of a deed as a condition of proceeding in equity was justly and advisedly made.

As for appellant's claim of an attorney's fee on account of which he refused compliance with that term of the lease sale contract providing for a deed when appellee had paid as much as $1,000 on the purchase price, it is entirely clear that appellee was entitled to a conveyance, subject to a mortgage securing the balance of the purchase price long before the controversy arose between the parties, and that status was unaffected by subsequent differences concerning taxes, and the employment of an attorney on account of subsequent differences had no effect by way of impairing appellee's right. In this situation, if it be conceded that appellee was in default in respect of taxes, the parties were equally in default, and neither could hold himself discharged from the obligation of complete performance until he had tendered performance on his own part. 27 R. C. L. 640, and cases there cited.

The decree under review appears to have proceeded in agreement with the principles of law stated, and must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.