[No. 26181. Department Two. September 10, 1936.]

FERDINAND ROETHEMEYER et al., Respondents and Cross-appellants, v. J. C. MILTON, Appellant.[1]

Clark & Grady and Velikanje & Velikanje, for appellant.

Cheney & Hutcheson and Walter J. Robinson, Jr., for respondents and cross-appellants.

BLAKE, J.—This is an action by the vendees under a contract for the sale of real estate to recover money paid on the purchase price and outlays for improvements, on the ground of fraud and mutual rescission. The vendees (Roethemeyer) had previously brought an action to recover the same items on the same grounds, which action was decided adversely to them by this court. Roethemeyer v. Milton, 177 Wash. 650, 33 P. (2d) 99. In order to get the bearing of that de-

[1]Reported in 60 P. (2d) 694.

cision on the issues in this case, we shall, with as little repetition as possible, state what we regard as the material facts from the inception of the contract.

The contract, entered into June 2, 1930, was for the sale and purchase of two ten-acre orchard tracts. The purchase price was sixty-five hundred dollars, payable two thousand dollars down; five hundred dollars, January 2, 1931; one thousand dollars, January 2, 1932; and three thousand dollars, January 2, 1933. Time was made the essence of the contract, which contained a forfeiture clause in usual form. The vendees entered into possession of the property, which they retained until after the harvest of the 1932 crop. In the meantime, they paid the installment due under the contract on January 2, 1931, only.

On November 10, 1932, they executed a quitclaim deed of the property to Milton, which contained the following recital:

"This deed is given to surrender and rescind contract between the parties hereto for the purchase of the above described real estate, dated June 2, 1930."

The deed was sent by mail to Milton, who retained it without attempting to return it until January 3, 1933. He did, however, call at the office of the vendees' attorneys, and inquired where Roethemeyer could be found. He was informed that the Roethemeyers had moved off the place, but that their whereabouts were unknown.

On December 13, 1932, Milton was served with summons and complaint in the first action, which culminated in the decision of this court in *Roethemeyer v. Milton, supra.* That case was tried in the lower court on the issues of fraud and mutual rescission. The trial court found against the vendees on the issue of fraud, but entered judgment in their favor on the ground of mutual rescission. It was the view of the

trial court that the retention by Milton of the quit-claim deed until January 3, 1933, constituted an implied agreement on his part to the rescission tendered by the deed. Milton appealed from the judgment, but the Roethemeyers did not appeal from the decision against them on the issue of fraud. The judgment in that case was entered August 23, 1933. The opinion of this court reversing the judgment was filed May 28, 1934. Between those dates occurred the events which give rise to the present action.

At the instance of Milton, a receiver had been appointed to take charge of the property during the pendency of the action. The receiver, on May 2, 1933, leased the property to one Lane for a term ending January 1, 1934. While the receiver was not discharged until April 12, 1934, we think it may be conceded that Milton went into actual possession of the property shortly after the judgment was entered in the former action. October 30, 1933, Milton entered into a contract to sell one of the tracts to C. A. Hutchinson. March 1, 1934, he conveyed the other tract to Charles H. Edinger.

The amended complaint in this action was filed September 29, 1934. As we have said, the present action is, as was the first, predicated on fraud and mutual rescission. The court entered judgment for the plaintiffs in the sum of $2,671.08. That sum represented the amount of payments made on the contract and the value of improvements, with interest, made by plaintiffs, less the amount of the rental value, with interest, of the property during the period plaintiffs were in possession. Defendant has appealed, and the plaintiffs have cross-appealed. We shall dispose of the latter first.

It is respondents' contention that the court erred in not predicating its judgment upon the issue

of fraud, as well as upon mutual rescission. The fraud set up in this action was the same as set up in the first. The evidence relating to the issue in the two trials was of the same character, and in most respects identical. Appellant contends that the first judgment was *res judicata* of that issue. We think, however, it is unnecessary to discuss that subject. For the two cases were heard by different judges of the same court, who came to the same conclusion upon the issue. Under such a situation, the question being presented to us *de novo,* we are not prepared to say that respondents sustained the burden of proof upon the issue of fraud.

On defendant's appeal, but one question is presented: Do the facts stated constitute a mutual rescission?

In answering the question, it may be stated that there is no evidence warranting a finding of mutual rescission by express agreement. Furthermore, it is clear from the record that appellant at all times was endeavoring to avoid a mutual rescission, into which it is quite as apparent respondents were trying to lead him. In *Roethemeyer v. Milton, supra,* we held that Milton's failure to return promptly the quitclaim deed did not imply an agreement to rescind. The only theory, therefore, upon which the judgment can be sustained is that there was an implied rescission (or acceptance of respondent's offer to rescind) by appellant when he took possession, removed the trees, and sold the property. It is respondents' position that these acts on the part of appellant consummated a mutual rescission. But, where the vendee has abandoned the property, such acts on the part of the vendor, under a contract containing a forfeiture clause, and of which time is the essence, are not sufficient to consummate a mutual rescission. *Rafferty v. Gaston,*

118 Wash. 689, 204 Pac. 595. In that case, this court said:

"A purchaser under an executory contract to purchase real property, in default in making his payments, without the consent or acquiescence of the vendor, such as is the case here, cannot recover of the latter the amount he has paid on the contract, time being of the essence of the contract; and the fact that the vendor, subsequent to the default, has sold the property to another does not change the rule."

That statement is supported by the great weight of authority. See: *Sanders v. Brock,* 230 Pa. 609, 79 Atl. 772, 35 L. R. A. (N. S.) 532 (Annotation); also, annotation I, b, 3, to *Nicolopoolos v. Hill* (217 Ala. 589, 117 So. 185), 59 A. L. R. 185, at pp. 209-214.

The judgment is reversed and the cause remanded, with direction to dismiss.

MAIN, BEALS, and STEINERT, JJ., concur.

MILLARD, C. J. (dissenting)—I am of the view that the judgment should be affirmed.