### BROWN, Plaintiff-Appellee, v. JOHNSTON et, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 2169. Decided April 8, 1952.

Gertrude A. Bucher, A. K. Meck, Dayton, for plaintiff-appellee.

McLeran, Kelly & McLeran, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, PJ:

This is an appeal on questions of law from a judgment of the Common Pleas Court for $190.00 interest and cost in favor of the plaintiff against the defendant.

Plaintiff's second amended petition upon which he went to trial consisted of three causes of action. The trial judge entered the judgment upon the first cause of action only in which plaintiff set out a written contract between the parties dated January 6, 1949 by the terms of which the plaintiff was to buy from the defendants certain real property described and to pay therefor the sum of $8500.00, with interest, in monthly installments of $100.00 each. After the payment of $1150.00 on the purchase price, the plaintiff defaulted. It is averred that the contract contained this clause:

"It is also agreed that upon the failure of the purchasers to make the payments provided for in this contract, that the agreement shall then, at the option of the sellers, become void."

It is further alleged that defendant elected to exercise their option under the quoted clause and thereby made said purchase contract void. The premises were surrendered to the defendant on or about May 5, 1950. Plaintiff averred that the reasonable value of the premises was $30.00 per month and prayed for a refund of the $1150.00 paid on the purchase price less a credit thereon of $30.00 per month, the alleged fair rental value of the premises for the time during which they were occupied by the plaintiff. Defendants answering admit the contract, the payments, default and the repossession of the premises as pleaded in the petition. They further deny the allegations of the petition and say that on March 24, 1950, by mutual agreement, the following notation was placed upon it:

"By agreement of parties this contract is cancelled and J.

S. Johnston and Eulah Johnston are released of all obligations on their part to be performed."

Plaintiff in his reply asserts that the Supplemental Agreement set up in the answer was entered into for the sole purpose of permitting

"the defendants to enter into a contract with plaintiff's sister, to purchase the real estate referred to in this lawsuit, for the balance due on said contract, and the defendants then did not make said sale to the plaintiff's sister, and therefore said release never became operative, and is of no force and effect, and no consideration has been given plaintiff to release any right he has to recover herein from the defendants, and said release was made for the benefit of said sister and not for the benefit of the defendants."

We do not find any specific assignments of error but appellants in their brief argue generally, that the trial judge did not appreciate the import and meaning of the Supplemental Contract, that the amount allowed the plaintiff as a refund on the sum paid on the purchase price is not supported by the record, that there should have been no money judgment for the plaintiff upon any theory and especially because of the damages which plaintiff had done to the property by its misuse.

At the time of the oral presentation of this appeal, counsel were in agreement that the one question presented related to the weight of the evidence.

We have examined the briefs of the parties. The appellee's brief is devoted largely to propositions of law and fact which were resolved against him by the trial judge. If it were necessary to support the judgment that the trial judge find, or that we support his finding, that the defendant overreached the plaintiff in the transaction here involved or that the supplemental contract was induced by reason of an agreement between the parties hereto and plaintiff's sister, wherein she was to buy the property upon the terms claimed by plaintiff, we would have difficulty in supporting the judgment.

Defendants in their brief urge that the petition does not state a cause of action and cite **9 O. Jur. 598, 599; 40 O. Jur. 1077; Ashbrook v. Hite, 9 Oh St 358; Witherow v. Witherow, 16 Oh St 238** and **Scott's Exr. v. The Executor and Heirs of Levi Barber, 14 Ohio 547.** These citations in the main go to the proposition that where a purchaser makes default in stipulated payments provided by a purchase contract, the vendor may refuse to perform without incurring liability to refund any of the purchase price. All of these citations are sound but have no application here because plaintiff's action is not

predicated upon the contract. If it were, he could not recover.

By the provision of the contract, particularly by the Supplemental Agreement, the contract was rescinded. This remanded the plaintiff to such relief as he would be entitled to under the facts developed had there been no contract. A somewhat similar situation was presented in the case of Swee, et al v. Bregenzer, 19 O. C. C. N. S. 563 and at page 564, where it is said in the opinion:

"the cause of action is not based upon any situation in the contract referred to in the petition. That contract, according to the allegations of the petition, is no longer subsisting. It has been rescinded by the defendant, and the plaintiffs, accepting that rescission, and recognizing that the contract has no longer any existence, sue to recover the money paid by them while it was a subsisting contract. In such a case the law raises an obligation which may be enforced in an action as for money had and received. While it may be necessary for the plaintiffs to resort to the contract as evidence to establish their right to recover, the action itself is not on the contract."

Three cases are cited. The principle upon which the plaintiff may maintain his action here is set out and supported by citations from many of the states in the Union. Annotation to Nicolopoolos v. Hill, 59 A. L. R. (Ala.) 185, 218, where it is stated that:

"Where the vendee is in default, the parties may mutually agree to rescind a contract, or, where the contract has been abandoned or rescinded by the consent of the vendor, the general implication is that he will account to the vendee for the amount received on the purchase price."

Here the plaintiff in his petition recognizes his obligation to have any judgment in his behalf reduced by the fair rental value of the premises in which he lived.

It is not necessary to remind counsel in this case that this Court may not reverse a judgment of the trial court, unless it is patently and manifestly against the weight of the evidence, and the trial judge must be accorded the privilege of weighing and evaluating the testimony and the credibility of the witnesses. So testing this judgment, we cannot hold that it is against the weight of the evidence.

Some aspects of this case tend to support the contention of the defendants that the property was materially and seriously damaged by its misuse by the plaintiff. There is a strong suggestion in the evidence that plaintiff, and probably others who lived in the house with him, used the base-

ment for the purposes for which commodes are properly employed.

Plaintiff contended that he agreed to pay too high a price for the property and that he was unable because of his meager earnings to meet the payments. This was not decisive. Had it been, we doubt if it were established. He did meet the payments for 11½ months and he had the property so arranged as that he could make the monthly installments required with very little, if any, of the rent to be paid from his earnings. On the other hand, notwithstanding the condition of the property, probably caused, in part, by its misuse, the defendant was compensated for its occupancy at the rate of $60.00 per month when the Federal Rent Control Authority had fixed the rent at $30.00 a month; and, eventually, he sold the property for the same price at which plaintiff had contracted to buy it.

Analyzing the testimony in all of its facets, we are of opinion that the trial judge, in the face of a difficult case, made a fair and reasonable adjudication of the issues, although many material facts were imperfectly developed.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 2169.   Decided April 30, 1952.

### OPINION

By THE COURT:

Our rules make no provision for applications for rehearing. The application of Appellants will, therefore, not be considered.

The application fails to note that we held that plaintiff's cause of action was not upon the written contract. The sup-

plemental contract released the appellants from all obligations by them to be performed on the contract.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.